**Gilbert STONEBARGER and Joyce Stonebarger, Appellants,**

v.

**EMERSON ELECTRIC COMPANY, Respondent.**

**No. 47778.**

Missouri Court of Appeals,
Eastern District,
Division Three.

March 6, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied
April 4, 1984.

Application to Transfer Denied
May 15, 1984.

---

Terrence F. Moffitt, St. Louis, for appellants.

Michael B. McKinnis, Stephen R. Snodgrass, St. Louis, for respondent.

CRANDALL, Judge.

The appellants, husband and wife, appeal from a trial court order dismissing with prejudice their two-count petition against the husband's former employer, respondent Emerson Electric Company (employer), to recover for the husband's personal injuries and his wife's loss of consortium caused by the husband's fall from a catwalk on the employer's premises. The sole question is whether the trial court correctly held that the appellants' claims are barred by the Workers' Compensation Law's exclusivity provisions, § 287.120.–1. & 2, RSMo (1978):

1. Every employer subject to the provisions of this chapter shall be liable, irrespective of negligence, to furnish compensation under the provisions of this chapter for personal injury or death of the employee by accident arising out of and in the course of his employment, and shall be released from all other liability therefor whatsoever, whether to the employee or any other person. * * *

2. The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee, his wife ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.

The appellants contend their claims are not barred because Mr. Stonebarger's injuries were not "accidental" but intentionally inflicted by the employer. They allege—and we accept as true for the purpose of reviewing the dismissal of their petition, see *Rebel v. Big Tarkio Drainage Dist.*, 602 S.W.2d 787, '789 (Mo.App.1980)—that Mr. Stonebarger "was employed by defendant [i.e., respondent-employer] and acting within the scope and course of his employment" at the time of the mishap; and further, that the employer "deliberately, consciously or recklessly tolerated the unsafe conditions of the catwalk [alleged earlier] in conscious or reckless disregard or complete indifference to the safety of its employees using said catwalk and more particularly plaintiff." However, we held in *McCoy v. Liberty Foundry Co.*, 635 S.W.2d 60, 62 (Mo.App.1982) that "for employer conduct to be actionable as a 'nonaccidental' cause of injury [and therefore outside the ambit of the Workers' Compensation Law], the employer must intentionally act with the specific purpose of thereby injuring the employee." Appellants concede they have not pleaded and cannot plead that the employer maintained an unsafe catwalk for the specific purpose of injuring Mr. Stonebarger. Therefore, under *McCoy*, their petition was properly dismissed.

The trial court erred, however, by dismissing the petition with prejudice. Though the employer's motion to dismiss

alleged appellants' failure to state a claim upon which relief can be granted, we concluded in *Parmer v. Bean*, 636 S.W.2d 691, 696 (Mo.App.1982) that "regardless of the manner in which the applicability of the [Workers' Compensation Law] is raised as a defense to a common law cause of action, the trial judge must initially treat it as a motion to dismiss for lack of subject matter jurisdiction." Because the trial court should have dismissed the petition for lack of subject matter jurisdiction, *id.* at 695, the dismissal should have been without prejudice. *Id.* at 694; *Zahn v. Associated Dry Goods Corp.*, 655 S.W.2d 769, 772, 773 (Mo.App.1983).

The trial court's order is affirmed insofar as it dismisses appellants' petition and this cause is remanded with directions to dismiss it without prejudice for lack of subject matter jurisdiction.

KAROHL, P.J., and REINHARD, J., concur.