Phyllis NICHOLSON, Individually and as Administratrix of the Estate of Charles Dean Nicholson, Decedent, Appellant,

v.

Charles E. NICHOLSON, Respondent.

No. 48188.

Missouri Court of Appeals, Eastern District, Division Three.

Jan. 29, 1985.

Michael Lee Maynard, Flat River, for appellant.

John W. Howald, Hillsboro, for respondent.

CRANDALL, Judge.

Plaintiff, Phyllis Nicholson, individually and as Administratrix of the Estate of Charles Dean Nicholson, decedent, filed a multi-count action against defendant Charles E. Nicholson. She appeals from the dismissal of her petition without prejudice for failure to prosecute. We dismiss the appeal.

Plaintiff filed her petition, individually and in her representative capacity, for conversion against the defendant who was the father of Charles Dean Nicholson, deceased. After almost four years of virtual inactivity in the action, the clerk of the court prepared a dismissal docket which included this case. When nothing was done by plaintiff to remove it from the dismissal docket, the petition was dismissed without prejudice at plaintiff's costs.

Plaintiff claims she did not receive proper notice of the impending dismissal. However, the legal file indicates notice was sent to plaintiff. We need not reach the merits of this point on appeal because we find there was no appealable order.

In order for an appeal to lie, there must be a final judgment or order. § 512.-020, RSMo (1978); *Hamilton v. Hamilton,*

661 S.W.2d 82, 83 (Mo.App.1983). Certainly a dismissal with prejudice, assuming that all claims are adjudicated and all parties are accounted for, acts as a bar to any further litigation of the claims therein involved. Rule 67.03. *See e.g. Lipton Realty, Inc. v. St. Louis Housing Authority,* 655 S.W.2d 792, 793 (Mo.App.1983). Since it finally decides that litigation, it is clearly appealable. *Miller v. Schultz,* 614 S.W.2d 11, 12–13 (Mo.App.1981); *Granger v. Barber,* 361 Mo. 716, 236 S.W.2d 293, 294 (1951).

The difficulty, and confusion in the case law, arises when there is a dismissal without prejudice or a dismissal with leave to amend. Is such an order appealable? Defendant cites *Miller v. Schultz,* 614 S.W.2d at 13, for the proposition that "[a]n asserted order of dismissal without prejudice or with leave to amend is not a final judgment from which an appeal may be taken." While this was a correct statement within the context of the *Miller* case, it is overly broad without further refinement.

In *Hasemeier v. Smith,* 361 S.W.2d 697 (Mo. banc 1962), a dismissal without prejudice for failure to state a claim upon which relief can be granted was held to be appealable where plaintiff chose to stand on that petition. In *Stonebarger v. Emerson Electric Co.,* 668 S.W.2d 187 (Mo.App.1984), this author wrote an opinion deciding the appeal on the merits where there had been a dismissal without prejudice for lack of subject matter jurisdiction. *See also Zahn v. Associated Dry Goods Corp.,* 655 S.W.2d 769 (Mo.App.1983); *Parmer v. Bean,* 636 S.W.2d 691 (Mo.App.1982).

█ Conceptually it is therefore necessary to look at what was actually dismissed. Did the dismissal amount to a mere dismissal of the petition or was it a dismissal of the action itself? *White v. Sievers,* 359 Mo. 145, 221 S.W.2d 118, 123 (1949). If the dismissal was such that a refiling of the petition at that time would be a futile act, then the order of dismissal is appealable. Even a judgment of dismissal without prejudice may be res judicata of what is actually decided by it. *Healy v.*

*Atchison, Topeka & Santa Fe Railroad Co.,* 287 S.W.2d 813, 815 (Mo.1956); *Douglas v. Thompson,* 286 S.W.2d 833, 834 (Mo. 1956). It may be essential to appeal from such a dismissal to prevent a loss of rights. *Id.*

█ Turning to the present case, it is clear that the dismissal without prejudice was simply a dismissal of plaintiff's petition. It did not purport to be an adjudication of any procedural or substantive aspects of plaintiff's action. Plaintiff could have refiled her petition within a year of the dismissal under § 516.230, RSMo (1978), the Missouri Savings Statute, and proceeded anew. Since the dismissal of plaintiff's petition was not meant to be a dismissal of plaintiff's action, the order does not dispose of the case and is not final. *Knight v. Keaton,* 660 S.W.2d 752, 753 (Mo.App.1983). We therefore hold that under the record of this case, the dismissal was not an appealable order.

The appeal is dismissed.

DOWD, P.J., and CRIST, J., concur.