**STATE of Missouri ex rel., CENTRAL INSTITUTE FOR THE DEAF et al., Relators,**

v.

**The Honorable Joan M. BURGER, Judge of the Circuit Court of St. Louis City, Respondent.**

No. 72161.

Missouri Court of Appeals, Eastern District, Writ Division Five.

April 29, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 3, 1997.

Application to Transfer Denied Aug. 19, 1997.

* In Count III, three individual plaintiffs allege Central Institute invaded their privacy. That

Richard J. Pautler, Lewis R. Mills, St. Louis, for relators.

David J. Newburger, Newburger & Vossmeyer, St. Louis, for respondent.

Before AHRENS, C.J., and GRIMM, P.J., and SIMON, J.

PER CURIAM.

Relator filed a "petition for writ of prohibition and/or mandamus." It alleges respondent erroneously failed to dismiss the underlying action, wherein relator contends that the plaintiffs lack standing to sue. Respondent has filed her suggestions in opposition to the issuance of the writ.

The facts and law are clear. In the interest of justice, as permitted by Rule 84.24, we dispense with a preliminary order, answer, further briefing and oral argument, and issue a peremptory writ of prohibition.

In the underlying proceeding, plaintiffs are either students, former students, or parents of students at defendant Central Institute for the Deaf. Other defendants are directors or former directors of Central Institute.

In Counts I and II * of the underlying petition, plaintiffs allege that the directors have breached their fiduciary duty to Central Institute. In those counts, among other things, they allege defendant directors have misapplied funds or allowed their misapplication, have not acted in Central Institute's best interests, and have wasted Central Institute's assets.

count is not involved in this writ proceeding.

Central Institute is a not for profit charitable corporation that was formed in 1927. Its articles indicate its purposes include promoting educational measures on behalf of the deaf, instructing the deaf and hard-of-hearing, conducting research laboratories, and establishing educational and prevention clinics for the deaf. During the 1990's, an exhibit indicates Central Institute educated an average of 90 to 100 deaf or hard-of-hearing persons each year at its St. Louis facility. About 50% of its expenditures relate to that function. During this same time period, more than 1.6 million dollars was spent each year on research for the benefit of all individuals who are deaf or hard-of-hearing. Central Institute conducts other training programs and public clinics.

The disposition of this petition is controlled by *Voelker v. St. Louis Mercantile Library Ass'n*, 359 S.W.2d 689 (Mo.Div. 2, 1962). There, the court considered a suit brought by members of the St. Louis Mercantile Library Association against the association and a bank. The petition alleged that the association leased part of its property to the bank for less than one-third of what it should have obtained. Moreover, the petition alleged that the actions of the officers, directors and trustees of the association constituted a breach of trust. The defendants moved to dismiss, alleging that the plaintiffs lacked the legal capacity to sue. The trial court agreed and dismissed the petition. *Id.* at 690. On appeal, the supreme court affirmed. *Id.* at 698.

Here, as in *Voelker*, plaintiffs allege in their petition that the defendant institution is a charitable corporation. *Id.* at 693. Also, as in *Voelker*, plaintiffs contend they have "a special interest" in the charitable corporation which permits them to bring suit. *Id.* at 690, 694–95.

Under the holding of *Voelker*, it is clear that Central Institute is a public charity. *Id.* at 695–98. Moreover, plaintiffs here do not legally have any more "special interest" than did the plaintiffs in *Voelker*. *Id.* at 694–95. Thus, as in *Voelker*, the plaintiffs lack standing to sue. *Id.* at 698. Suits alleging mismanagement or misuse of public charitable funds must generally be brought by the Attorney General. *Id.* at 695; *see also* § 352.240 RSMo 1994.

Peremptory writ is ordered issued. Respondent is directed to dismiss Counts I and II in the underlying case, *Medbury v. Central Institute for the Deaf*, St. Louis City Circuit Court Case No. 964–1013.