Addie M. SIEFERT, Roger A. Leonhardt, Paul A. Leonhardt and Victoria Gough, Appellants,

v.

Jacqueline J. LEONHARDT, Individually and as Successor Trustee of The Roger E. Leonhardt Revocable Living Trust, Respondent.

No. 73901.

Missouri Court of Appeals, Eastern District, Division One.

Sept. 1, 1998.

---

Margaret M. Mooney, Katharine M. Barrett, St. Louis, for appellant.

Robert W. Henry, Clayton, for respondent.

AHRENS, Judge.

Plaintiffs, all of whom have a future contingent interest in the corpus of the Roger E. Leonhardt Revocable Living Trust (Roger Trust), filed a four-count petition in equity against defendant, Jacqueline Leonhardt, the trustee of the Roger Trust. The trial court dismissed plaintiffs' petition because it found that there was no fiduciary relationship between plaintiffs and defendant. We reverse and remand.

Bertha Leonhardt created the Bertha Leonhardt Revocable Living Trust (Bertha Trust). In this trust, Bertha Leonhardt di-

rected that one half of her assets at death be set aside for her son, Roger Leonhardt, as life beneficiary. Bertha Leonhardt also stated that upon Roger Leonhardt's death, the trust corpus was to be distributed to her grandchildren, who are the plaintiffs in the instant case, and to those whom Roger Leonhardt appointed in his will. The provision of the Bertha Trust became effective upon her death.

Roger Leonhardt drafted a will and a revocable trust (Roger Trust) after his mother's death. In his will, Roger Leonhardt exercised the power of appointment that the Bertha Trust granted him and appointed the Roger Trust as an entity to receive a portion of the Bertha Trust corpus upon his death. In the Roger Trust, Roger Leonhardt named his second wife, Jacqueline J. Leonhardt, defendant in the instant case, as the lifetime beneficiary of the trust. Roger Leonhardt also provided that upon the death of his wife, the corpus of the trust should be distributed to his children who are then living and to the living descendants of any of his children who did not survive his wife.

Roger Leonhardt died on March 14, 1994. Jacqueline Leonhardt filed a petition in the Probate Division of the St. Louis County Circuit Court seeking a declaration that only the Roger Trust was entitled to the corpus of the Bertha Trust. Jacqueline Leonhardt and Roger Leonhardt's children reached a settlement in this claim and filed a stipulation of dismissal on April 25, 1996. Under the terms of the settlement, the children received $350,000 from the Bertha Trust. Also, Jacqueline Leonhardt was allowed to continue to serve as trustee of the Roger Trust on condition that she provide quarterly reports to the children on the assets and distributions of the trust property and provide them with fourteen days notice of any encroachment on principal in excess of $10,000.

The children (hereinafter "plaintiffs") filed a four-count petition in equity against Jacqueline Leonhardt (hereinafter "defendant") on September 10, 1997. In their petition, plaintiffs generally claim that defendant has failed to comply with the obligation of the settlement agreement and that she has breached her fiduciary duties as trustee of the Roger Trust. In Count I of their petition, plaintiffs assert an accounting action against defendant, claiming that defendant had failed to provide the quarterly reports required in the settlement agreement. Count II of plaintiffs' petition is an action for restitution seeking to force defendant to return to the Roger Trust $148,201.03 of principal that she withdrew since the date of the settlement. Count III is an action to replace defendant as trustee of the Roger Trust, and Count IV is a request to add a co-trustee of the Roger Trust.

Defendant filed a motion to dismiss plaintiffs' petition claiming that plaintiffs did not have standing to assert any of the claims in the petition because they did not have a present interest in the trust corpus. The trial court issued an order, not denominated as a judgment, on November 19, 1997 dismissing plaintiffs' petition without prejudice on the basis that defendant owed no fiduciary obligations to the plaintiffs because they had no present enforceable interest in the corpus of the Roger Trust.

Plaintiffs filed a Motion for Reconsideration and Entry of Judgment and Order on December 9, 1997. In this motion, plaintiffs requested that the trial court either reconsider its dismissal of plaintiffs' claims or enter a final judgment as defined by Rule 74.01(a). On January 23, 1998 the trial court denied plaintiffs' motion to reconsider its prior order of dismissal and once again dismissed plaintiffs' petition without prejudice in a document denominated as "judgment". This appeal follows.

Defendant first argues that plaintiffs' notice of appeal filed January 30, 1998 was not timely filed and therefore this Court lacks jurisdiction over their appeal. Defendant premises her assertion on the argument that the November 11, 1997 order was the final judgment and, therefore, plaintiffs were required to file their notice of appeal within ten days of the date of that order. However, the November 11, 1997 order was not denominated as a judgment and therefore was not a judgment under Rule 74.01(a). *City of St. Louis v. Hughes*, 950 S.W.2d 850, 852–53 (Mo. banc 1997). The trial court did not

enter its judgment until January 23, 1998 when it denied plaintiffs' request to reconsider its prior order and dismissed plaintiffs' petition without prejudice in a document denominated as judgment. Accordingly, plaintiffs' January 30, 1998 notice of appeal was timely filed and we have jurisdiction over the appeal.[1] Rule 81.01(a).

■ In their only point on appeal, plaintiffs claim the trial court erred in dismissing their petition for lack of standing. Plaintiffs argue they do have standing as beneficiaries of the trust to bring suit against defendant as trustee. We agree.

■ In reviewing the trial court's dismissal of plaintiffs' cause of action, we will assume all of plaintiffs' averments in their petition are true and will grant all reasonable inferences drawn from those averments. *Consolidated Financial Investments, Inc. v. Manion*, 948 S.W.2d 222, 223 (Mo.App.1997). A plaintiff has standing to assert an action against a trustee if the plaintiff can demonstrate that the trustee is a fiduciary to her. *Engelsmann v. Holekamp*, 402 S.W.2d 382, 388 (Mo. banc 1966). Thus, we will affirm the trial court's dismissal of plaintiffs' petition for lack of standing only if it appears from plaintiffs' petition, and any other undisputed facts in the record, that plaintiffs cannot prove as a matter of law that there is a fiduciary relationship between themselves and defendant. *See Hinton v. City of St. Joseph*, 889 S.W.2d 854, 857 (Mo.App.1994). Also, because the trial court's dismissal is based upon the record the parties have submitted to us and the applicable law, our review of the trial court's judgment is *de novo*. *ITT Commercial Finance v. Mid-America Marine*, 854 S.W.2d 371, 376 (Mo. banc 1993).

There is no dispute that plaintiffs have future contingent interests in the corpus of the Roger Trust. Specifically, their interests are contingent upon their survival of defendant, the lifetime beneficiary of the trust. Our Supreme Court has declared that future beneficiaries of a trust have standing to bring an accounting action against a trustee whether their interests are vested or contingent. *Engelsmann*, 402 S.W.2d at 388. Defendant asserts that the *Engelsmann* decision is not persuasive with respect to the present dispute because the plaintiffs in *Engelsmann* were income beneficiaries. We disagree.

■ The above mentioned proclamation in *Engelsmann* was certainly *dicta*. However, the Supreme Court did not attach any qualifications or conditions on the application of the rule of law. Also, this rule of law, which all of the leading authorities on trust law follow, is premised on the strong policy consideration of ensuring that someone has the power to enforce the trustee's fiduciary duties. *See* Scott on Trusts Sec. 173; Restatement (Second) of Trusts Sec. 172, *cmt. C;* Bogert on Trusts & Trustee Sec. 961. *See also* Restatement (Second) of Trusts Sec. 197–98. Therefore, we hold that a beneficiary who has a future contingent interest in trust property has standing to bring a cause of action for an accounting against the trustee.[2]

■ The plaintiffs also have standing to bring their restitution action and their request either to remove defendant as trustee or appoint a co-trustee. Beneficiaries of a

---

**1.** We note that although the trial court's dismissal was without prejudice, it does have the practical effect, under the doctrine of res judicata, of prohibiting plaintiffs from filing another action against defendant as trustee because the trial court found that plaintiffs did not have standing to bring such an action. Therefore, plaintiffs may directly appeal the trial court's dismissal of their petition without prejudice. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997).

**2.** We also note that plaintiffs have standing to assert Count I against defendant to enforce the settlement agreement. A party to a settlement

agreement may seek in equity to enforce the terms of the agreement when the opposing party fails to comply with its obligations under the agreement. *Estate of Knapp v. Newhouse*, 894 S.W.2d 204, 207–08 (Mo.App.1995). Plaintiffs' Count I is an attempt to force defendant to comply with this provision of the underlying settlement agreement by forcing her to provide plaintiffs with an accounting of her expenditures from the trust. Therefore, plaintiffs have standing to bring their accounting action in Count I under the settlement agreement as well as their status as future contingent beneficiaries.

trust are entitled to compel a trustee who has breached the trustee's fiduciary duties to redress those breaches and to seek the removal of the trustee. Restatement (Second) of Trusts Sec. 199. *See also* Restatement of Restitution Sec. 190 (noting that when a fiduciary obtains property in contravention of the fiduciary's obligations, the fiduciary holds the property in constructive trust for the beneficiary). Thus, plaintiffs in the instant case have standing to assert their restitution claim and their request to remove defendant as trustee or to appoint a co-trustee.

Taking as true all of plaintiffs' averments in their petition, it does not appear from plaintiffs' petition or any other undisputed fact that defendant is not a fiduciary of the plaintiffs as a matter of law. Thus, plaintiffs have alleged sufficient facts to survive a motion to dismiss on the basis that they do not have standing to bring an action against defendant as trustee of the Roger Trust. Therefore, the trial court erred in dismissing plaintiffs' petition.

The judgment of the trial court is reversed and remanded for further proceedings consistent with this opinion.

PUDLOWSKI, P.J., and CRANDALL, J., concur.