Frank ZERJAV, Appellant,

v.

**William I. SCHNEIDER, et al., Respondents.**

No. 74882.

Missouri Court of Appeals, Eastern District, Division Two.

May 18, 1999.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 27, 1999.

Application for Transfer Denied Sept. 21, 1999.

William James O'Herin, Florissant, for appellant.

Thomas Charles Croft, St. Louis, for respondents.

Before JAMES R. DOWD, P.J., LAWRENCE G. CRAHAN, J., and RICHARD B. TEITELMAN, J.

### *ORDER*

PER CURIAM.

Frank Zerjav (Plaintiff) appeals from a judgment of the trial court dismissing without prejudice[1] his action against Defendants as a discovery sanction under Rule 61.01(d) for failure to produce certain documents requested by Defendants pursuant to Rule 58.01. On appeal, Plaintiff contends the court erred in granting sanctions without first ruling on his timely served objections to the documents production request, arguing that such a prior ruling on timely objections is implicitly required by the language of Rule 61.01(d) before sanctions may be imposed.

We have reviewed the briefs of the parties and the record on appeal. No error of

---

1. Because Plaintiff cannot re-file his action due to the statute of limitations, the dismissal is effectively with prejudice, and therefore is a final appealable judgment. *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App. E.D. 1985).

law appears.[2]   Rule 61.01 grants the trial court broad discretion to control discovery and to sanction a party for failure to answer discovery requests or for providing incomplete or evasive responses thereto. *Wilkerson v. Prelutsky,* 943 S.W.2d 643, 647–48 (Mo. banc 1997); *Ballesteros v. Johnson,* 812 S.W.2d 217, 224 (Mo.App. E.D.1991).   The trial court's decision imposing sanctions may be disturbed on appeal only upon a clear showing of abuse of discretion.   *Green v. Fleishman,* 882 S.W.2d 219, 222–23 (Mo.App. W.D.1994). Here, we cannot say that the trial court abused its discretion.   The record reveals that two of the seven itemized categories of documents that were requested by Defendants were not objected to at all by Plaintiff, yet Plaintiff still failed to produce those documents as requested.   Dismissal with prejudice is an authorized sanction for such a failure.   Rule 61.01(d)(2).   Further discussion would have no precedential value.   The judgment is affirmed pursuant to Rule 84.16(b).

2.   Defendants' motion to dismiss this appeal, on grounds that the order appealed from was not originally denominated as a "judgment," is denied.   The record in this case shows that Appellant did obtain a properly amended document denominated "judgment," directly from the trial judge himself, which was then filed in a supplemental legal file as ordered by this Court, prior to the appeal being taken under submission.