John DOE and Jane Doe, Appellants,

v.

VISIONAIRE CORPORATION, James O. Rice, Jr., and Jan G. Gilbert, Respondents,

No. ED 76584.

Missouri Court of Appeals, Eastern District, Division Seven.

March 7, 2000.

D. Eric Sowers, St. Louis, for appellant.

Gaynell Gallagher, JoAnn M. Tracy & Joseph P. Conran, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Plaintiffs, John Doe and Jane Doe, filed a petition using pseudonyms and appeal from the trial court's dismissal without prejudice. We dismiss the appeal.

Plaintiffs filed a motion for leave to file their petition under pseudonyms. Plaintiffs argued that if their names were made public then they and others not parties to the action would be subjected to "further emotional pain, embarrassment and humiliation." The trial court granted the motion. Using pseudonyms, plaintiffs filed a three count petition for invasion of privacy, negligent infliction of emotional distress and wrongful discharge. Plaintiffs alleged they were employees and officers of defendant, Visionaire Corporation, and that defendants committed certain tortious acts during their employment in 1998.[1] Defendants filed a motion to set aside the ex parte order permitting plaintiffs to file their petition under pseudonyms and to require plaintiffs to amend their petition to include their real names. Defendants argued, among other things, that plaintiffs' alleged fear of embarrassment was insufficient "to override the strong presumption in favor of requiring litigants' names to be a matter of public record." The trial court granted defendants' motion and ordered the "Cause" dismissed without prejudice.[2] This appeal followed.

After plaintiffs filed their notice of appeal, this court ordered plaintiffs to show cause why the appeal should not be dismissed for lack of an appealable judgment. Plaintiffs responded, arguing that this case fell within the exceptions "to the broad principle that dismissals without prejudice are not final and appealable." This court ordered the jurisdictional issue taken with the case.

A reviewing court has a duty to determine, sua sponte, its jurisdiction. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). Furthermore, this court's jurisdiction may not be conferred by waiver, silence or consent of the parties. *Cook v.*

---

1. Plaintiffs also named Visionaire Corp.'s Chairman–Chief Executive Officer and Vice President of Human Resources as defendants.

2. The trial court's dismissal is presumably based on Rule 55.02 that provides, in part, "In the petition, the title of the civil action shall include the names of all the parties."

*Jones,* 887 S.W.2d 740, 741 (Mo.App. S.D. 1994).

The general rule is that a dismissal without prejudice is not a final judgment and, therefore, not appealable.[3] *Chromalloy,* 955 S.W.2d at 3. The analysis for the exceptions to this general rule have been stated as follows. A dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided. *Id.* An appeal from a dismissal without prejudice can be taken where the dismissal has the practical effect of terminating the litigation in the form cast or in a plaintiff's chosen forum. *Id.* When the effect of the order is to dismiss a plaintiff's action and not merely the pleading, then the dismissal is appealable. *Mahoney v. Doerhoff Surgical Services, Inc.,* 807 S.W.2d 503, 506 (Mo. banc 1991); *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App.1985). If the dismissal was such that refiling of the petition at that time would have been a futile act, then the order of dismissal is appealable. *Nicholson,* 685 S.W.2d at 589. Applying these exceptions, dismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations, theories of estoppel, a plaintiff's lack of standing, failure of the petition to state a claim where the plaintiff chose not to plead further, failure of a plaintiff in a medical malpractice action to file the health care provider affidavit and the plaintiff's claims not being covered by the statute upon which the petition was based. *Mahoney,* 807 S.W.2d at 505–06; *Shores v. Express Lending Services, Inc.,* 998 S.W.2d 122, 125 (Mo.App. E.D. 1999); *Carothers v. Carothers,* 977 S.W.2d 287, 288–89 (Mo.App. W.D.1998); *Siefert v. Leonhardt,* 975 S.W.2d 489, 492 (Mo.App. E.D.1998); *Adams v. Inman,* 892 S.W.2d 651, 653 (Mo.App. W.D.1994). In certain cases, a dismissal without prejudice for lack of jurisdiction has also been found appealable. *Chromalloy American Corp.,* 955 S.W.2d at 3; *Wilson v. Unistrut Service Co.,* 858 S.W.2d 729, 730–31 (Mo.App. W.D.1993). A common factor of those dismissals without prejudice found appealable was that the plaintiffs could not maintain their actions in the court where the action was filed if the reason for the dismissal was proper.

The present case is not analogous to those cases where the dismissals without prejudice have been found appealable. Here, plaintiffs may refile, albeit under their real names, their action. Although the trial court denominated its dismissal to plaintiffs' "Cause," the effect of the court's order was to dismiss the petition and not plaintiffs' action. This is not a case where the trial court's dismissal reflects that plaintiffs' action may not continue nor would the refiling of the action have been a futile act. *See Mahoney,* 807 S.W.2d at 506; *Nicholson,* 685 S.W.2d at 589. We decline to extend the exceptions to the general rule regarding the appealability of dismissals without prejudice for purposes of this case. Because the trial court's dismissal does not constitute a final judgment for purposes of appeal, this court lacks jurisdiction.

Appeal dismissed.

MARY RHODES RUSSELL, Chief Judge and RICHARD B. TEITELMAN, Judge, Concur.

---

**3.** A dismissal with prejudice constitutes an adjudication on the merits and "bars the assertion of the same cause of action or claim against the same party." Rule 67.01; *See Abney v. Niswonger,* 823 S.W.2d 31, 32 (Mo. App.1991). Because a dismissal with prejudice finally disposes of a cause of action, it is appealable even though it is not a judgment on the merits for all purposes. *Abney,* 823 S.W.2d at 32.