**Julian OSUJI, Petitioner/Appellant,**

v.

**MISSOURI DEPARTMENT OF SOCIAL SERVICES, DIVISION OF FAMILY SERVICES, Respondent/Respondent.**

**No. ED 77365.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 12, 2000.

1. All statutory citations are to RSMo 1994,    unless otherwise indicated.

Gary A. Growe, St. Louis, for appellant.

Bruce Antrim, St. Louis, for respondent.

CRANDALL, Judge.

Petitioner, Julian Osuji, appeals from the dismissal without prejudice of his petition against respondent, Missouri Department of Social Services, Division of Family Services (hereinafter division), seeking the removal and destruction of certain records retained by the division. We affirm.

Petitioner's petition alleged that on August 4, 1993, he was an employee of Hawthorne Children's Psychiatric Hospital (hereinafter hospital), an agency of the Department of Mental Health, State of Missouri. On that date, the division issued a report stating that there was reason to suspect lack of supervision by petitioner with respect to two minors under his care. He further alleged that as a result of this report he was unable to obtain employment in a public school district. He petitioned the court "under Section 210.1504)[sic] RSMo. to order the records of the [division] with respect to this August 4, 1993 investigation and report removed and destroyed." He alleged that there remained insufficient evidence of any abuse or neglect on his part and that "justice and equity mandate that at this point in time, all records relating to this incident be destroyed."

The division filed a motion to dismiss for failure to state a claim. It asserted that petitioner failed to exhaust his administrative remedies; and that section "210.1504," as cited in the petition, did not exist, but that section 210.152, RSMo (1994) required the division to retain the reports described by petitioner. After briefing by both parties, the trial court ordered the claim dismissed and denominated the dismissal without prejudice. The court concluded that under section 210.150.4, RSMo (1994) petitioner was not entitled to expungement of the records because the division made a finding of "sufficient evidence" of abuse or neglect and that if petitioner never received notice of the findings, his adminis-

trative remedy remained viable. Petitioner appeals from the dismissal.

In his sole point on appeal, petitioner contends the trial court erred in granting the motion to dismiss. He contends that he stated a cause of action under section 210.150.4 because he sought the removal and destruction of any records relating to the administrative finding that he was the subject of a report of abuse or neglect.

Before addressing this issue, we must first determine whether this court has jurisdiction to hear this appeal. A reviewing court has a duty to determine, sua sponte, its jurisdiction. *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 675 (Mo.App. E.D.2000). This court's jurisdiction may not be conferred by waiver, silence, or consent of the parties. *Id.*

The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *Id.* Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court. *Balke v. Ream*, 983 S.W.2d 579, 580 (Mo.App. W.D.1998). An exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff. *Id.* When the effect of the order is to dismiss a plaintiff's action and not merely the pleading, then the dismissal is appealable. *Visionaire*, 13 S.W.3d at 676.

Here, petitioner based his claim on section 210.150.4, which states in pertinent part:

> After a period of not less than one year following a finding by the division, any person who is the subject of a report where there is insufficient evidence of abuse or neglect may petition the circuit court to order the records removed from the division and destroyed.

The statute, however, does not apply to petitioner because the division's report stated that there was "reason to suspect lack of supervision" by petitioner of two hospital residents. Section 210.150.4 explicitly permits only those persons who were the subject of a report where there was "insufficient evidence of abuse or neglect" to petition the circuit court to order the division's records removed and destroyed. Petitioner is not in the category of persons entitled to relief under section 210.150.4.

Here, the court's dismissal signals the end of petitioner's action and the futility of refiling. *But, see, Visionaire*, 13 S.W.3d at 676 (dismissal of petition filed under pseudonyms not final and appealable where plaintiffs may refile their action, albeit under their real names). The dismissal, therefore, has the practical effect of terminating the litigation and foreclosing petitioner from immediate relief. Petitioner is thus entitled to appeal from that judgment.[1]

Having determined that the court's dismissal is appealable, we return to petitioner's sole point on appeal. He argues that section 210.150.4 permits him to seek the removal and destruction of the division's records. For the reasons discussed earlier in this opinion, the division's finding that there was reason to suspect petitioner of failing to supervise two hospital residents did not trigger the application of section 210.150.4, which explicitly requires that there be "insufficient evidence of abuse or neglect." The trial court did not err in dismissing petitioner's action based on that statute.

Furthermore, petitioner is not entitled to equitable relief. At this point in time, there is no statutory basis to authorize the removal and destruction of the division's report relating to the inci-

---

1. We do not decide if section 210.152, RSMo (Cum.Supp.1994) or section 210.152, RSMo (1994) is applicable to petitioner's action because the issue is not before us. It is clear, however, that neither version of the statute affords petitioner the immediate opportunity to seek the removal and destruction of the division's records.

dent. In the absence of statutory authorization for expungement of petitioner's records, a court has no equitable power to expunge. *See, e.g., McNally v. St. Louis County Police Dept.,* 17 S.W.3d 614, 617 (Mo.App. E.D.2000). Petitioner's point is denied.

The judgment of dismissal is affirmed.

AHRENS, P.J. and JAMES R. DOWD, J., concur.