THE MASONIC TEMPLE ASSO-
CIATION OF ST. LOUIS, a
Corporation, Appellant,

v.

THE SOCIETY FOR THE PRESERVA-
TION OF THE MASONIC TEMPLE,
a Corporation, a/k/a Compass, Square
& Star, Inc., and Jeremiah W. (Jay)
Nixon, Attorney General, Respondents.

No. ED 78945.

Missouri Court of Appeals,
Eastern District,
Division One.

Jan. 29, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied March 13, 2002.

James A. Stemmler, St. Louis, MO, for appellant.

Alan E. DeWoskin, Clayton, MO, for respondent The Society for the Preservation of the Masonic Temple.

Jeremiah W. (Jay) Nixon, Atty. Gen., Tracy E. McGinnis, Asst. Atty. Gen., Jefferson City, MO, for respondent Attorney General.

ROBERT G. DOWD, JR., Judge.

The Masonic Temple Association of St. Louis (Temple) appeals from the trial court's dismissal of its petition against The Society for the Preservation of the Masonic Temple a/k/a Compass, Square & Star, Inc. (Society), and the Attorney General. Because we find the dismissal was without prejudice and therefore is not a final judgment, we dismiss the appeal.

The Temple filed a petition against the Society and the Attorney General. The petition included counts for declaratory judgment, appointment of a receiver, injunction, an accounting, and breach of lease contract. The Temple, as legal titleholder and owner of the building, alleged that the Society had a duty to support and maintain the Temple building located at 3861 Lindell Boulevard, the Society had breached that duty, fraud on the part of the Society, and the Society breached a lease contract. The Temple also alleged that a public interest was involved and that the Attorney General represents the public interest by way of filing the petition against the Attorney General.

The Attorney General filed an Answer. The Society filed a Motion to Strike, Motion to Make More Definite and Certain, and Motion to Dismiss. Before the trial court ruled on any of the motions, the Temple filed its First Amended Petition. The trial court deemed the Society's motion to dismiss for lack of standing and the Attorney General's Answer to be re-filed as to the First Amended Petition. The parties filed briefs on the issue of whether the Temple had standing. The trial court denied the Society's motion to dismiss for lack of standing.

After given leave by the trial court, the Temple filed its Second Amended Petition in response to the Society's Motion to Make More Definite and Certain adding more specifics and deleting the claim for breach of the lease agreement. The Society and Attorney General filed motions to dismiss for lack of standing and failure to state a cause of action based essentially on lack of standing grounds. The trial court granted the motions to dismiss and dismissed the Temple's Second Amended Petition. This appeal follows.

After the Temple filed its appeal, it filed a letter to the court suggesting this court dismiss the appeal for lack of an appealable final judgment. The Temple further argued this issue in its reply brief. The Temple argued that since the trial court's dismissal was without prejudice, it was not a final judgment. The Society filed a response to the Temple's lack of final judg-

ment argument asserting the dismissal was final and this court has jurisdiction to hear the appeal. The Attorney General filed a response agreeing with the Temple that the dismissal was not final and this court does not have jurisdiction to hear this appeal. We first turn to this issue to determine whether this court has jurisdiction to hear this appeal.

Initially, we note that the trial court's dismissal did not indicate whether it was with or without prejudice. A dismissal failing to indicate that it is with prejudice is deemed to be without prejudice. Rule 67.03; *Balke v. Ream,* 983 S.W.2d 579, 580 (Mo.App. W.D.1998). Therefore, the dismissal of the Temple's action was without prejudice. The general rule is that a dismissal without prejudice is not a final judgment and therefore cannot be appealed. *Osuji v. Missouri Dept. of Social Services,* 34 S.W.3d 251, 253 (Mo. App. E.D.2000). An exception to this general rule is that an appeal can be taken where the dismissal has the practical effect of terminating the litigation in the form cast by the plaintiff. *Id.* If the dismissal was such that re-filing of the petition at that time would have been a futile act, then the order of dismissal is appealable. *Doe v. Visionaire Corp.,* 13 S.W.3d 674, 676 (Mo.App. E.D.2000).

The trial court did not state the basis for its dismissal. Both the Society and Attorney General asserted in their motions to dismiss that the Temple lacked standing and it failed to state a cause of action upon which relief may be granted essentially based on lack of standing grounds. We now examine whether the Temple may cure the dismissal by filing another suit or whether the dismissal had the practical effect of terminating the Temple's action.

On the issue of standing, we find the dismissal did not have the practical effect of terminating the action. Although a dis-

missal without prejudice based on lack of standing has been held to have the practical effect of prohibiting the plaintiffs from filing another action, we do not find this is one of those situations. *Siefert v. Leonhardt,* 975 S.W.2d 489 (Mo.App. E.D. 1998).

The standing issue arises from the petition's intertwinement of allegations of injury to the Temple's special interest and injury to the public interest. The Society argues the proper party to bring an action against a charitable corporation for any injury to the general public is the Attorney General, and therefore, the Temple lacks standing to bring the cause of action. We agree with the Society, as does the Temple, that the Attorney General is the proper party to bring an action against a charitable corporation for any injury to the general public as a result of improper solicitations and failure to carry out its charitable purpose. *State of Missouri ex rel. Central Institute for the Deaf et al. v. Burger,* 949 S.W.2d 126 (Mo.App. E.D. 1997). Here, however, it appears the Temple can allege a special interest in the charitable corporation and may have suffered an injury to that special interest from the Society's alleged failure to maintain the Temple building that is different from or conflicts with the injury to the public interest. See *German Evangelical St. Marcus Congregation of St. Louis v. Archambault,* 404 S.W.2d 705, 707 (Mo. 1966). The purpose stated in the Society's articles of incorporation provides as follows:

Said corporation is organized exclusively for charitable, religious, educational, and scientific purposes, including for such purposes, the making of distributions to organizations that qualify as exempt organizations under section 501(c)(3) of the Internal Revenue Code of 1954 (or the corresponding provision of any future

United States Internal Revenue Law), and to promote an appreciation of history by the acquisition, restoration, maintenance, and preservation of The Masonic Temple, 3861 Lindell Boulevard, in the City of St. Louis, State of Missouri. The Society's articles of incorporation give the Temple a special interest in the charitable organization. Thus, we reject the Society's argument that the Temple does not have standing to bring a cause of action for injury to its special interests. If the Temple chose to file another petition pleading only injury to its special interests, which are different from and conflicting with any claims of injury to the general public, it would have standing to do so.

■ Next, we must determine if the Temple could properly state claims upon which relief may be granted in another petition. Although a dismissal without prejudice has been held appealable where the dismissal was based on a failure of the petition to state a claim where the plaintiff chose not to plead further, we do not find this exception applicable in the present case. *Hasemeier v. Smith*, 361 S.W.2d 697, 699 (Mo. banc 1962). In its Motion for New Trial, or to Amend Judgment, the Temple did request to plead further and amend its petition to cure the defects.

In its four-count petition, the Temple requested declaratory judgment (Count I), the appointment of a receiver (Count II), an injunction (Count III), and an accounting (Count IV). The Society essentially argues that the Temple failed to state a cause of action because it did not have standing to bring the claims. Because we have already determined the Temple has standing to file a petition pleading its special interests, the Society's arguments based on lack of standing as the ground for failure to state a cause of action are moot. We conclude the Temple may plead and prove facts showing injury to its spe-cial interest different from and conflicting with the interests of the general public, which may entitle the Temple to relief.

We find this is not a case where the trial court's dismissal reflects that the Temple's action may not continue nor would the re-filing of the action have been a futile act. Because the trial court's dismissal does not constitute a final judgment for purposes of appeal, this court lacks jurisdiction.

Appeal dismissed.

CRANDALL, P.J., concurs.

Blackmar, Sr.J., concurs in part and dissents in part in opinion filed.

CHARLES B. BLACKMAR, Senior Judge, concurring in part and dissenting in part.

I fully agree that the facts stated in the petition, which we must assume to be true, demonstrate that the plaintiff corporation, "Temple," has a special interest in receiving money for support and maintenance from "Society," on the basis of Society's organic documents and its representations to the Internal Revenue Service in seeking charitable exemption. This interest, according to the facts stated, is separate and apart from any general charitable purposes the Society might support. The controlling case is *German Evangelical St. Marcus Congregation of St. Louis v. Archambault*, 404 S.W.2d 705 (Mo.1966), holding that the relatives of persons buried in a cemetery sponsored by a religious denomination had standing to challenge the decision of the trustees to abandon the cemetery and were not relegated to the discretion of the Attorney General as to whether to proceed with a challenge.

This case is clearly distinguishable from such cases as *State ex rel., Central Institute of the Deaf v. Burger*, 949 S.W.2d 126 (Mo.App.1997), holding that the mere fact

that a plaintiff had contributed to a charity did not give the contributor standing to challenge the decision of the persons having managerial authority over the charity, and from the cases relied on in that opinion.

The court, in so holding, effectively decides the essential issue argued before us. Society and the Attorney General want us to hold that the plaintiff Temple is effectively out of court, and that the decision of the trustees to use funds of the Society for other charitable uses may be challenged only by the Attorney General.

Having so held, I cannot see why the court deems it necessary to dismiss the appeal and require the plaintiff to file another action. The Society and the Attorney General want to put the Temple out of court for all time. If their arguments were legally sound, which proposition this court rejects, no amendment to the petition could cure the basic defect they perceive.

Numerous recent decisions make it clear that the proposition that a dismissal without prejudice is not appealable is too broad. If the effect of the dismissal is to terminate the action and to deny a plaintiffs the right to proceed in the chosen forum with the petition in the form in which it is cast then the dismissal without prejudice can give rise to an appealable order. *Chromalloy American Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1 (Mo. banc 1997); *Fitzpatrick v. Hannibal Regional Hospital*, 922 S.W.2d 840 (Mo.App. 1996); *Doe v. Visionaire Corporation*, 13 S.W.3d 674 (Mo.App.2000); *Osuji v. Social Services*, 34 S.W.3d 251 (Mo.App.2000); *Siefert v. Leonhardt*, 975 S.W.2d 489 (Mo. App.1998).

The principal opinion speaks of "intertwinement of allegations of injury to the Temple's special interest and the public interest." If indeed there is intertwining,

and the pleading states facts distinguishing its special interest from the public interest, then it is sufficient to survive a motion to dismiss. On remand the trial court could hear non-dispository motions regarding the form of the pleadings. Inasmuch as the petition states facts which, if true, entitle it to relief, I see no reason to make the plaintiff start over with another lawsuit. I, of course, express no opinion as to whether the plaintiff will prevail at trial. All I say is that it is in court.

I would accordingly reverse the judgment and remand the case to the circuit court for further proceedings. I would make it clear that non-dispositive motions may be directed to the pleadings and amendments allowed.