Harold J. CRAMER, Plaintiff–
Appellant,

v.

Charles SMOOT and Rhonda Rice,
Defendants–Respondents.

No. SD 29443.

Missouri Court of Appeals,
Southern District,
Division Two.

July 8, 2009.

Richard L. Schnake, Neale & Newman, L.L.P., Springfield, MO, for Appellant.

Lincoln J. Knauer and Ginger K. Gooch, Husch Blackwell Sanders L.L.P, Springfield, MO, for Respondents.

GARY W. LYNCH, Chief Judge.

Harold J. Cramer appeals the trial court's judgment dismissing his amended petition pursuant to Rule 55.27(a)(6),[1] for failure to state a claim upon which relief can be granted. Cramer asserts that his amended petition stated claims against Charles Smoot and Rhonda Rice for "money had and received." Finding that the trial court's judgment does not constitute a final judgment for purposes of appeal, this Court dismisses the appeal.

### Factual and Procedural Background

The facts are taken from Cramer's amended petition, with all reasonable inferences liberally construed in the light most favorable to him. *Lynch v. Lynch,* 260 S.W.3d 834, 836 (Mo. banc 2008). Cramer held a senior citizen's savings account with a balance of approximately $59,000, and a safety deposit box containing a certificate of deposit with a face value of $10,000, with Bank of America. Without seeking his permission, Smoot and Rice, Cramer's step-children, withdrew $58,000 from the senior citizen's savings account. Both were listed on the account for estate planning purposes only, and at no time had they contributed any money to the account. Smoot and Rice also took the certificate of deposit from Cramer's safety deposit box without his permission. The money taken from the account and the certificate of deposit were exclusively derived from Cramer's wages and retirement benefits. Cramer repeatedly demanded the return of the funds, but Smoot and Rice refused to deliver either the money or the certificate of deposit.

Cramer originally filed a petition alleging conversion of his property. He later sought leave to amend his petition, which was granted by the trial court. Cramer contends that his amended petition alleged a cause of action based on "money had and received." Smoot and Rice filed separate, but substantially similar, motions to dismiss and alternative motions to make more definite and certain. The trial court sustained the motions to make more definite and certain, took the motions to dismiss under advisement, and ordered Cramer to file a second amended petition within twenty days. Twenty-three days later, Cramer filed his second amended petition. Smoot and Rice moved to strike the late filing and requested that the trial court rule on their pending motions to dismiss. Cramer filed a motion for leave to file his second amended petition out of time. The trial court thereafter entered a Judgment of Dismissal, granting Smoot's and Rice's motions to dismiss, and dismissing Cramer's amended petition. Cramer's motion for leave to file his second amended petition out of time was never ruled upon by the trial court. Cramer appeals from the trial court's Judgment of Dismissal.

### Standard of Review

Our review of the trial court's judgment of dismissal is *de novo. Lynch,* 260 S.W.3d at 836. As a preliminary issue, however, a reviewing court has a duty to determine its jurisdiction *sua sponte. Chromalloy American Corp. v. Elyria*

---

1. All rule references are to Missouri Court Rules (2006), unless otherwise indicated.

*Foundry Co.,* 955 S.W.2d 1, 3 (Mo. banc 1997) (citing *Trust by Sherman v. Wilson,* 928 S.W.2d 897, 898 (Mo.App.1996)). An appeal will lie only from a final judgment disposing of all issues and all parties, leaving nothing for future consideration. *Johnston v. 411744 A.H. Tannery, Inc.,* 262 S.W.3d 705, 707–08 (Mo.App.2008) (discussing Rule 74.01(b)). "Without a final judgment, an appellate court lacks jurisdiction, and the appeal must be dismissed." *Hopkins v. Hopkins,* 239 S.W.3d 179, 180 (Mo.App.2007) (quoting *Neely v. Neely,* 169 S.W.3d 577, 579 (Mo.App. 2005)).

### Discussion

 In the instant case, the Judgment of Dismissal does not indicate whether the amended petition was dismissed with or without prejudice.[2] Under Rule 67.03, an involuntary dismissal is without prejudice unless designated otherwise. *Guerra v. Fougere,* 201 S.W.3d 44, 47 (Mo. App.2006). Thus, the dismissal was without prejudice. "Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court." *Osuji v. Missouri Dept. of Social Services, Div. of Family Services,* 34 S.W.3d 251, 253 (Mo.App. 2000) (citing *Balke v. Ream,* 983 S.W.2d 579, 580 (Mo.App.1998)). Consequently, the general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable. *State ex rel. State of Ill. v. Jones,* 920 S.W.2d 116, 117 (Mo.App.1996).

 Under certain circumstances, however, "[a] dismissal without prejudice may operate to preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided" *Doe v. Visionaire Corp.,* 13

S.W.3d 674, 676 (Mo.App.2000) (citing *Chromalloy,* 955 S.W.2d at 3). This includes decisions that would effect a practical termination of the litigation in the "form cast" or in the plaintiff's forum of choice, *City of Chesterfield v. DeShetler Homes, Inc.,* 938 S.W.2d 671, 673 (Mo.App. 1997), as well as situations in which "refiling of the petition at that time would have been a futile act." *Doe,* 13 S.W.3d at 676 (citing *Nicholson v. Nicholson,* 685 S.W.2d 588, 589 (Mo.App.1985)).

> Applying these exceptions, dismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations, theories of estoppel, a plaintiff's lack of standing [*see Carden v. Missouri Intergovernmental Risk Mgmt. Ass'n,* 258 S.W.3d 547, 552 (Mo.App.2008) ], failure of the petition to state a claim where the plaintiff chose not to plead further, failure of a plaintiff in a medical malpractice action to file the health care provider affidavit and the plaintiff's claims not being covered by the statute upon which the petition was based.

*Doe,* 13 S.W.3d at 676 (citations omitted). In each of these situations, the common factor "was that the plaintiffs could not maintain their actions in the court where the action was filed if the reason for dismissal was proper." *Doe,* 13 S.W.3d at 676.

None of the recognized exceptions to the general rule apply in the instant case. Cramer chose not to stand on his amended petition; instead, he filed a motion for leave to file a second amended petition out of the time period previously granted by the trial court. While leave to amend pleadings shall be freely given when justice so requires, Rule 55.33(a); *Baker v.*

---

**2.** The Judgment of Dismissal entered on October 7, 2008, states simply, "DEFENDANTS' MOTIONS TO DISMISS ARE GRANTED AND PLAINTIFF'S AMENDED PETITION IS HEREBY DISMISSED."

**340**

*City of Kansas City,* 671 S.W.2d 325, 329 (Mo.App.1984), the record before this Court indicates that this motion was never ruled upon by the trial court.

The effect of the Judgment of Dismissal in this case was not to dismiss or bar the *claim,* but rather to dismiss the amended *petition* as it was filed. A dismissal without prejudice that a plaintiff may cure by filing another petition in the same court is not a final judgment from which an appeal may be taken. *Turnbow v. Southern Ry. Co.,* 768 S.W.2d 556, 558 (Mo. banc 1989). The order dismissing Cramer's petition did not have the effect of dismissing his action, but merely dismissed his amended petition as filed, and such a judgment is not appealable as it does not dispose of all the parties and claims. *Mahoney v. Doerhoff Surgical Services,* 807 S.W.2d 503, 506 (Mo. banc 1991); *Nicholson,* 685 S.W.2d at 589. A refiling of the petition, with additional facts that further support the premise of Cramer's assertion, would not be futile and is not precluded by the trial court's Judgment of Dismissal in this instance. *See Nicholson,* 685 S.W.2d at 589. Where, as here, the trial court's dismissal of a petition does not constitute a final judgment from which an appeal can be taken, this Court lacks statutory authority to consider an appeal and must dismiss it. *See Doe,* 13 S.W.3d at 676.

### *Decision*

The appeal is dismissed.

BURRELL, P.J., and RAHMEYER, J., concur.