Mary Ann JENNINGS, Plaintiff–Appellant,

v.

The BOARD OF CURATORS OF MISSOURI STATE UNIVERSITY, Defendant–Respondent.

No. SD 31218.

Missouri Court of Appeals,
Southern District,
Division One.

Dec. 27, 2011.

George S. Smith, Columbia, for Appellant.

Ian P. Cooper, Amy E. Clendennen, St. Louis, for Respondent.

Before BARNEY, J., RAHMEYER, J., and SCOTT, J.

PER CURIAM.

Mary Ann Jennings ("Appellant") appeals the trial court's order and judgment sustaining The Board of Curators of Missouri State University's ("Respondent's") motion to dismiss her two-count petition for breach of fair dealing and for declaratory judgment. The trial court sustained Respondent's Motion to Dismiss in an Order and Judgment, but did not indicate if the dismissal was granted with or without prejudice. We dismiss the appeal for lack of a final, appealable judgment.

We must first determine, *sua sponte*, whether the dismissal order is a final judgment from which Appellant may appeal. *Atkins v. Jester*, 309 S.W.3d 418, 422 (Mo. App. S.D.2010). If the appeal is found to be premature, it must be dismissed. *Id.* Rule 67.03[1] governs involuntary dismissals and states, in pertinent part, that "[a]ny involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03. The order in the instant case did not indicate whether the dismissal was with or without prejudice. "The general rule is that a dismissal without prejudice is not a final judgment and, therefore, is not appealable." *Chromalloy Am. Corp. v. Elyria Foundry Co.*, 955 S.W.2d 1, 3 (Mo. banc 1997). As this Court stated in *Atkins*.

> To qualify as a final, appealable judgment, the dismissal order must fall within a limited exception to the general rule governing dismissals. The applicable general rule is that "[a] dismissal failing to indicate that it is with prejudice is deemed to be without prejudice." The usual means of specifying that a dismiss-

al is being made "with prejudice" is to use those words. Under this bright-line interpretation of Rule 67.03, the dismissal order would be deemed a dismissal without prejudice. "In a case of a dismissal without prejudice, a plaintiff typically can cure the dismissal by filing another suit in the same court; hence, a dismissal without prejudice is not a final judgment for purposes of appeal."

*Atkins*, 309 S.W.3d at 422–23 (internal citations omitted).[2]

Because the trial court's dismissal of Appellant's petition does not constitute a final, appealable judgment, we dismiss the appeal.

---

1. All rule references are to Missouri Court Rules (2011), unless otherwise specified.

2. Our holding does not address the merits of Appellant's points.