**Wilma PENDERGRASS and Candace Sue Ramsey, Appellants,**

v.

**CITY OF SPRINGFIELD, Respondent.**

**No. SD 32226.**

Missouri Court of Appeals,
Southern District,
Division Two.

Feb. 19, 2013.

Jason T. Umbarger, Springfield, Noah K. Wood & Michael T. Miller, Kansas City, MO, for Appellants.

Jane E. Dueker, Nicholas G. Frey, Ryan A. Kemper, St. Louis, MO, for Respondent.

Before SCOTT, P.J., BURRELL, C.J., and SHEFFIELD, J.

PER CURIAM.

We dismiss this appeal for lack of a final, appealable judgment. *See, e.g., Jennings v. Board of Curators of Missouri State Univ.*, 354 S.W.3d 675 (Mo.App. 2011); *Cramer v. Smoot*, 291 S.W.3d 337 (Mo.App.2009).

After City's red-light traffic ordinance was ruled invalid in part,[1] Appellants tried to bring a class action to recover penalty monies collected under the ordinance. City moved to dismiss Appellants' first amended petition for failure to state a claim. Rule 55.27(a)(6). The court granted City's motion and entered a judgment of dismissal which did not specify whether it was with or without prejudice. Appellants unsuccessfully sought leave to file a second amended petition, then timely appealed the judgment of dismissal.

We must first determine, *sua sponte*, whether this dismissal is one from which Appellants can appeal. *Jennings*, 354 S.W.3d at 676; *Atkins v. Jester*, 309 S.W.3d 418, 422 (Mo.App.2010).

By rule, this dismissal was one *without* prejudice. "Any involuntary dismissal shall be without prejudice unless the court in its order for dismissal shall otherwise specify." Rule 67.03.[2] A plaintiff typically cures such a dismissal by filing another suit in the same court; "'hence, a dismissal without prejudice is not a final judgment for purposes of appeal.'" *Atkins*, 309 S.W.3d at 423 (quoting *Ampleman v. Schweiss*, 969 S.W.2d 862, 863–64 (Mo.App.1998)). *See also Jennings*, 354 S.W.3d at 676; *Cramer*, 291 S.W.3d at 339.

This bar to appeal is subject to narrow exceptions. If the effect of the order is to dismiss the *action* and not merely the *pleading*, it is appealable. *Atkins*, 309 S.W.3d at 426. A Rule 55.27(a)(6) dismissal (which this is) also may be appealable if a party stands on its pleading, electing not to plead further. *Id.*

On this record, however, we cannot find such exceptions. According to the judgment, the trial court evaluated City's motion "narrowly," analyzing what Appellants pleaded in their first amended petition. The judgment states that Appellants did not plead sufficiently to overcome the voluntary payment doctrine, not that Appellants would be unable to do so. Appellants did not stand on their dismissed petition, but sought leave to amend, and now challenge the denial of that request as their sole point on appeal.

The judgment appealed from, a dismissal without prejudice for failure to state a claim, is not appealable. Appeal dis-

1. *City of Springfield v. Belt*, 307 S.W.3d 649 (Mo. banc 2010). Rule references herein are to Missouri Court Rules (2012). We refer to Respondent as "City."

2. "The usual means of specifying that a dismissal is being made 'with prejudice' is to use those words." *Atkins*, 309 S.W.3d at 423.

missed.[3]

3. City's motion to dismiss on other grounds, taken with the case, is denied as moot.