

# IN THE MISSOURI COURT OF APPEALS
# WESTERN DISTRICT

| | | |
|---|---|---|
| LARONDA PHOX, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| vs. | ) | WD78242 |
| | ) | |
| JOANN C. BOES, ET AL., | ) | Opinion filed: February 23, 2016 |
| | ) | |
| Respondent. | ) | |

**APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY, MISSOURI**
**THE HONORABLE S. MARGENE BURNETT, JUDGE**

Before Division One: Lisa White Hardwick, Presiding Judge,
Victor C. Howard, Judge and Gary D. Witt, Judge

LaRonda Phox appeals the judgment of the trial court dismissing without prejudice her pro se complaint against Joann Boes for failure to state a cause of action. Ms. Phox asserts that the trial court erred in granting defendant Joann Boes's motion to dismiss. Finding that the trial court's judgment does not constitute a final judgment for purposes of appeal, this Court dismisses the appeal.

## Factual and Procedural Background

According to the trial court's judgment granting Ms. Boes's motion to dismiss, the facts upon which Ms. Phox's claims are based were not articulated in the pleadings, and were only revealed to the court through her testimony at oral argument. Ms. Phox testified that she

obtained a car title loan from one or more of the defendants, and the automobile securing the loan was repossessed, at which time she had not paid the loan amount in full.

The trial court found that "even with substantial effort to construe the pleadings in a light most favorable to Plaintiff, it is unclear what facts are alleged to support any of the named causes of action." The court further contemplated that even if the facts to which she testified at the hearing could possibly support a cause of action for wrongful repossession, Ms. Phox would not be able to prevail on the claim, as she admittedly was in default on the loan at the time of repossession. The trial court concluded that "[a] close examination of Plaintiff's pleadings establishes that there has not been a viable cause of action [pled], and, therefore, Defendant's Motion must be GRANTED." This appeal by Ms. Phox followed.

## Standard of Review

Our review of the trial court's judgment of dismissal is *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). "As a preliminary issue, however, a reviewing court has a duty to determine its jurisdiction *sua sponte*." *Cramer v. Smoot*, 291 S.W.3d 337, 338 (Mo. App. S.D. 2009). "An appeal will lie only from a final judgment disposing of all issues and all parties, leaving nothing for future consideration. Without a final judgment, an appellate court lacks jurisdiction, and the appeal must be dismissed." *Id.* at 339 (internal citations and quotations omitted).

## Discussion

The trial court's order of June 26, 2014, indicates it dismissed the cause without prejudice. "Ordinarily, when an action is dismissed without prejudice, a plaintiff may cure the dismissal by filing another suit in the same court." *Id.* (quoting *Osuji v. Mo. Dept. of Soc. Servs., Div. of Family Servs.*, 34 S.W.3d 251, 253 (Mo. App. E.D. 2000)). Thus, generally a dismissal

without prejudice is not a final judgment and, therefore, is not appealable. *Id.* (citing *State ex rel. State of Ill. v. Jones*, 920 S.W.2d 116, 117 (Mo. App. E.D. 1996).

In certain situations, however, such dismissals may effectively "preclude a party from bringing another action for the same cause and may be res judicata of what the judgment actually decided." *Id.* (quoting *Doe v. Visionaire Corp.*, 13 S.W.3d 674, 676 (Mo. App. E.D. 2000)). Such exceptions include "decisions that would effect a practical termination of the litigation in the 'form cast' or in the plaintiff's forum of choice, as well as situations in which refiling of the petition at that time would have been a futile act." *Id.* (internal citation and quotation omitted). As such, "dismissals without prejudice have been held appealable in such cases where the dismissal was based on statutes of limitations, theories of estoppel, a plaintiff's lack of standing, failure of the petition to state a claim where the plaintiff chose not to plead further, failure of a plaintiff in a medical malpractice action to file the health care provider affidavit and the plaintiff's claims not being covered by the statute upon which the petition was based." *Id.* (quoting *Doe*, 13 S.W.3d at 676 (citations omitted)). The common factor among these situations "was that the plaintiffs could not maintain their actions in the court where the action was filed if the reason for dismissal was proper." *Id.*

None of the recognized exceptions to the general rule apply in Ms. Phox's case. The effect of the dismissal in this case was not to dismiss or bar Ms. Phox's claims, but rather to dismiss the amended petition as it was filed. "A dismissal without prejudice that a plaintiff may cure by filing another petition in the same court is not a final judgment from which an appeal may be taken." *Id.* at 340 (citing *Turnbow v. Southern Ry. Co.*, 768 S.W.2d 556, 558 (Mo. banc 1989)). The order dismissing Ms. Phox's complaint did not have the effect of dismissing her action, but merely dismissed her amended petition as filed, and such a judgment is not

3

appealable as it does not dispose of all the parties and claims. *Id.* (citing *Mahoney v. Doerhoff Surgical Servs.*, 807 S.W.2d 503, 506 (Mo. banc 1991); *Nicholson v. Nicholson*, 685 S.W.2d 588, 589 (Mo. App. E.D. 1985)). A refiling of the petition, with additional facts to further support the premises of Ms. Phox's assertions, would not be futile and is not precluded by the trial court's dismissal in this case. *Id.* Where, as here, the trial court's dismissal of a petition does not constitute a final judgment from which an appeal can be taken, this Court lacks statutory authority to consider an appeal and must dismiss it. *Id.*

Ms. Phox's appeal is dismissed.

_____
VICTOR C. HOWARD, JUDGE

All concur.