Juanita C. SMITH, Plaintiff–Appellant,

v.

Don ROST, Presiding Commissioner of Webster County, Franklin D. Lewis, Associate Commissioner, and John Haywood, Associate Commissioner, members of and constituting the Webster County Commission, Liberty Cemetery Perpetual Care Association, A Missouri benevolent association, Noel Cantrell, Marion McCormick and David Napier, individually and as Trustees for Liberty Cemetery Perpetual Care Association, Defendants–Respondents.

No. 19858.

Missouri Court of Appeals, Southern District, Division One.

Sept. 27, 1995.

John H. Kizer, Springfield, for plaintiff-appellant.

Donald G. Cheever, Marshfield, for defendants-respondents.

———

MONTGOMERY, Presiding Judge.

Appellant filed a petition for damages against Respondents on September 23, 1994. The petition alleged that Appellant's family was granted burial rights in a group of cemetery plots located in the Liberty Cemetery in Webster County and that Respondents allowed individuals unrelated to Appellant's family to be buried in these plots. Respondents filed a motion to dismiss on the grounds that Appellant lacked standing to bring this action because she was not a resident of Webster County and that the Liberty Cemetery was initially conveyed to the "people of Webster County." The trial court sustained Respondents' motion.

Appellant's sole point on appeal is that the trial court erred in granting Respondents' motion to dismiss because Appellant has standing to bring this action in that the cemetery plots were conveyed to the Coots family; Appellant is a member of the Coots family; the remains of her brother are interred in the cemetery; and her residence outside of Webster County does not prevent her from having an interest in the property.

Standing to sue is an interest in the subject of the suit, which if valid, gives that person a right to relief. *Earls v. King,* 785 S.W.2d 741, 743 (Mo.App.1990). The general rule is that to entitle any person to maintain an action, it must be shown that the person has a justiciable interest in the subject matter of the action. *Crigler v. Frame,* 632 S.W.2d 94, 95 (Mo.App.1982). To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation. *Id.*

A motion to dismiss admits material facts well pleaded in the petition. *McDonough v. Aylward,* 500 S.W.2d 721, 722 (Mo. 1973). The allegations in the petition must be viewed in the light most favorable to the petition. *Id.* Viewed in this light, the petition indicates that there could have been a conveyance of an interest in the cemetery lots to Appellant and her family by the Trustees of Liberty Cemetery. The owner of a cemetery lot has the right to exclusive use of the lot, and any unauthorized entry upon the lot for the purpose of appropriating it as a burial place for another constitutes an invasion of the owner's legal right. *McClellan v. Highland Sales & Inv. Co.,* 484 S.W.2d 239, 241–42 (Mo.1972). We recognize that in Missouri the purchaser of a lot in a public cemetery does not "own" the lot, but does possess an easement or privilege of burial. *German Evangelical St. Marcus Congregation of St. Louis v. Archambault,* 383 S.W.2d 704, 710 (Mo.1964).

The allegations in the petition show that Appellant may hold such an easement or privilege. Therefore, Appellant has standing to bring this cause of action because she has a justiciable interest in the cemetery plots which, if valid, gives her a right to relief. The trial court erred in dismissing the petition. The order dismissing the petition is reversed and the cause is remanded for further proceedings.

FLANIGAN and GARRISON, JJ., concur.