Peter K. SWITZER, Plaintiff/Appellant,

v.

MERCANTILE BANK OF ST. LOUIS, N.A., a/k/a Mercantile Trust Company, National Association, Defendant.

No. 69785.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 29, 1996.

Blumenfeld, Kaplan & Sandweiss, P.C., Alan G. Gerson, James M. Niemann, St. Louis, for plaintiff/appellant.

Thompson Coburn, Gary Mayes, Daniel C. Cox, St. Louis, for defendant.

PUDLOWSKI, Judge.

Peter K. Switzer, (Switzer), appeals from the trial court's judgment granting Mercantile Bank of St. Louis, N.A.'s, (Bank), motion to dismiss. We affirm.

## I. Background

The uncontested facts are as follows. On November 29, 1963, Luke Hart, Sr. (Hart) established a Trust as part of his last Will and Testament (will). At the time of the execution, Hart had three children: Luke Hart, Jr. (Luke), Catherine J. Switzer (Catherine), and John T. Hart (John). At the time of the will's execution, Catherine had three children: Susan Fons, Paul Switzer and Peter Switzer, the last of whom is the appellant in this case. Both Paul and Peter Switzer were adopted by Catherine when they were children.

Within his will, Hart left various instructions and divisions of his estate. He appointed Jerome Switzer and John as co-trustees, with an allowance that there may be a substitute trustee later on. Under his will, Hart provided the following pertinent instructions:

*Provision Thirteenth:* All the rest, residue and remainder of the property which I may own at the time of my death ... I give and bequeath to Jerome A. Switzer and John T. Hart, as Trustees....

(c) Twelve months after my death the Trustees shall divide the Trust estate into three shares, herein referred to as Shares B, C and D, respectively....

1. If my said son, Luke E. Hart, Jr., is then living said Share B shall be retained and held by the Trustees and the entire net income therefrom shall be paid over and distributed to him in equal quarter-annual or other more frequent and convenient installments so long as he shall live ... and the Trustees shall pay over and distribute the remainder of said Share B and the accumulated net income derived therefrom to (a) the children of his body, if any, in equal shares, free of trust, upon their attaining the age of twenty-one years, respectively....

2. If my said daughter Catherine J. Switzer is then living, said Share C shall be retained and held by the Trustees ... and at her death the Trustees shall pay over and distribute the remainder thereof and the accumulated net income derived therefrom to my said granddaughter Susan Switzer Fons or if she shall not then be living to the children of her body, free of trust, upon their attaining the age of twenty-one years.

On February 19, 1964, Hart died testate. In 1982, after the death of Catherine, Switzer was adopted by his Uncle Luke. At the time of his second adoption, Switzer was 39 years-old.

In 1983, the bank became the sole trustee of Hart's trust. By 1993, the trust terminated, as the principal and income had been expended. Luke died on December 24, 1994.

On September 20, 1995, Switzer sued the bank, claiming breach of contract and breach of fiduciary duty. In his petition, Switzer claimed he was the sole beneficiary/remainderman under Hart's trust. The bank moved to dismiss Switzer's petition for lack of standing. During the course of oral arguments on the motion to dismiss, Hart's will was accepted into evidence without controversy. The bank argued the court did not have subject matter jurisdiction because Switzer did not have standing to sue. In response, Switzer argued the will was ambiguous, and that as a matter of law his petition should not be dismissed.

On December 20, 1995, the trial court determined, as a matter of law, the will was unambiguous and by its terms Switzer was not a beneficiary of the trust. In so holding, the trial court found Switzer had no standing to bring a claim and dismissed his petition. Switzer then filed this appeal.

## II. Standard of Review

Before addressing the merits of Switzer's appeal, we first reiterate the guide-

lines which govern this court in reviewing the trial court's dismissal based on Switzer's lack of standing. "Standing to sue is an interest in the subject of the suit, which if valid, gives that person a right to relief. [Cite omitted]. The general rule is that to entitle any person to maintain an action, it must be shown that the person has a justiciable interest in the subject matter of the action. [Cite omitted]." *Smith v. Rost,* 906 S.W.2d 906, 907 (Mo.App. S.D.1995). Because the trial court determined as a matter of law Switzer was not a beneficiary and, therefore, did not have standing, we note "... the trial court's judgment is founded on the record submitted and the law, [and] an appellate court need not defer to the trial court's order.... [Therefore, our review is essentially *de novo.*]" *ITT Commercial Finance v. Mid–Am. Marine,* 854 S.W.2d 371, 376 (Mo. banc 1993); *Lehr v. Collier,* 909 S.W.2d 717, 723 (Mo.App. S.D.1995); *In Re Estate of Beare,* 880 S.W.2d 562, 565[1] (Mo.App.1993).

## III. *De Novo* Review

■ Switzer cannot bring a cause of action against the bank unless he has standing. To have standing, Switzer must have an actual interest in Hart's will. "To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation." *Smith,* 906 S.W.2d at 907, quoting *Crigler v. Frame,* 632 S.W.2d 94, 95 (Mo.App.1982). Switzer alleges in his petition that he is a beneficiary under Hart's will, and as such he has standing.

■ We recognize Switzer's petition may be dismissed only if it appears he could not prove any set of facts which would make him a beneficiary under Hart's will. *Frison v. City of Pagedale,* 897 S.W.2d 129, 132 (Mo.App.E.D.1995). In determining whether Switzer could be a beneficiary, we must consider "not only plaintiff's petition, but also the additional non-contested facts which all parties accepted as true at the time of argument on the motion to dismiss. Thus, we will engage in a summary judgment mode of analysis, seeking to determine whether the issue of standing is resolved as a matter of law on the basis of the undisputed facts."

*Hinton v. City of St. Joseph,* 889 S.W.2d 854, 857 (Mo.App. W.D.1994). If Switzer could not prove any facts which show he is a beneficiary, he then has no right to relief, and the trial court necessarily lacks subject matter jurisdiction. *Bremen Bank & Trust v. Muskopf,* 817 S.W.2d 602, 608 (Mo.App. 1991); *Western Casualty & Surety Co. v. Kansas City Bank & Trust Co.,* 743 S.W.2d 578, 580 (Mo.App.1988).

■ In order to determine if Switzer could be a beneficiary under the will, we must look at the will and determine whether Hart intended Switzer to be a beneficiary, for the testator's intent controls. *Hollis v. Estate of Hollis,* 845 S.W.2d 156, 158 (Mo. App. E.D.1993). In construing Hart's will, it is not the question of Switzer's right to take, but rather a question of Hart's intent. *Boatmen's Trust Co. v. Conklin,* 888 S.W.2d 347, 351 (Mo.App. E.D.1994). If the meaning or intention is plain and unambiguous, then such intent must govern. *First Nat'l Bank v. Waldron,* 406 S.W.2d 56, 58 (Mo.1966). However, it is important to note "[t]he mere fact the parties disagree upon the interpretation of a document does not render it ambiguous." *Boatmen's Trust Co. v. Sugden,* 827 S.W.2d 249, 254 (Mo.App. E.D.1992).

■ We first note that Hart did not intend for Switzer to be a beneficiary under his will. Hart specifically left Switzer only his love and affection:

*Provision Tenth:* I remember my grandchildren, Susan Switzer Fons, Paul Switzer and Peter Switzer, Sally Ann Hart, John T. Hart, Jr., Daniel Shady Hart and William Luke Hart and my great grandchildren Jerome A. Fons, Peter Fons, Jr., Catherine Fons and Andrew Christian Fons. I give and bequeath to them and to any other of my grandchildren and great grandchildren who may be hereafter born, my love and affection and I express the earnest hope that they will grow up to become useful men and women and devout adherents of the Roman Catholic faith.

Nowhere after this provision does Hart contradict this bequest. Even later on, when discussing who would receive Catherine's

share once Catherine died, Hart specifically chose to give Switzer nothing:

> 2. If my said daughter Catherine J. Switzer is then living, said Share C shall be retained and held by the Trustees ... and at her death the Trustees shall pay over and distribute the remainder thereof and the accumulated net income derived therefrom to my said granddaughter Susan Switzer Fons....

All Hart intended to leave Switzer was his love and affection.

■ On appeal Switzer argues he is a beneficiary under the will as a result of his adoption by his Uncle Luke, despite the tenth provision. Switzer points to his adoption by Luke and says, as a matter of law, he is an heir of his uncle. We agree. By his adoption in 1982, Switzer became the heir of Luke's body. Mo.Rev.Stat. § 453.090.4 (1959); *Hayes v. St. Louis Union Trust Co.,* 280 S.W.2d 649, 653–54 (Mo.1955).

Switzer then points to the Thirteenth provision, part C, subsection 1, which provides the following:

> 1. If my said son, Luke E. Hart, Jr., is then living said Share B shall be retained and held by the Trustees and the entire net income therefrom shall be paid over and distributed to him in equal quarter-annual or other more frequent and convenient installments so long as he shall live ... and the Trustees shall pay over and distribute the remainder of said Share B and the accumulated net income derived therefrom to (a) the children of his body, if any, in equal shares, free of trust, upon their attaining the age of twenty-one years, respectively....

Switzer argues that since he is the legal heir of Luke's body, he is necessarily a beneficiary under Hart's will because of this section. We disagree.

The Thirteenth provision is not the only provision that addresses who is entitled to take under Hart's will. Hart specifically enumerated those whom he would recognize to take under his will and those whom he would not:

> *Provision Fourth:* For the purpose of this will, I recognize as my children Luke E. Hart, Jr., Catherine J. Switzer and John T. Hart, and as their children and my grandchildren only the heirs of their bodies and Paul Switzer and Peter Switzer, legally adopted children of my said daughter, Catherine J. Switzer. *Other children who may hereafter be adopted by either of my said children are hereby excluded and they shall not have any benefits under this will.*

[Emphasis supplied]. Hart specifically excludes any children adopted after the execution of his will from receiving *any* benefits. Such exclusion includes any benefits under the Thirteenth provision. While Switzer did become an heir of Luke's body, he did so by an adoption which occurred after the execution of the will. This adoption excluded Switzer from taking any benefits under Hart's will. Thus, while Switzer was an heir of Luke's body, it does not necessarily follow that he is a beneficiary under Hart's will.

■ Switzer further contends the word "other" is ambiguous. He argues the word "other" was not meant to exclude he and his brother if they were later adopted by Luke or John, but rather *all other* children who would later be adopted. We disagree. We believe the plain meaning and intention of Hart's will was to exclude all children who would be adopted after the execution of the will. We do not believe Hart intended to allow Switzer a window of opportunity to become a beneficiary. In support of this idea, we again point to the tenth provision which specifically left Switzer only Hart's love and affection and the bequest to Susan Fons of Catherine's share should Catherine die.

## IV. Conclusion

Because we believe Switzer could not prove any facts which would show him to be a beneficiary under Hart's will, we affirm the trial court's dismissal of Switzer's petition for lack of standing.

CRANE, P.J., and GERALD M. SMITH, J., concur.