Joyce STABLER, Appellant,

v.

Joseph STABLER and Janell Stabler, Respondents.

No. ED 94411.

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 30, 2010.

1. All statutory references are to RSMo.2000, unless otherwise indicated.

James Leightner, Clayton, MO, for appellant.

Matthew Rossiter, Clayton, MO, Andrew Callahan Co–Counsel, Kathie Dudley Co–Counsel, St. Louis, MO, for respondent.

NANNETTE A. BAKER, Judge.

### Introduction

Joyce Stabler ("Appellant") appeals from the judgment of the Circuit Court of St. Louis County dismissing her Second Amended Petition ("Petition") against Joseph Stabler and Janell Stabler (collectively "Respondents") for lack of standing. Appellant claims the trial court erred by considering matters that were not part of the pleadings in dismissing the Petition. Appellant also claims the trial court erred in finding she lacked standing to assert claims against Respondents. We affirm in part and reverse in part.

### Factual and Procedural Background

In 1992, Ernest F. Stabler ("Stabler") established the Ernest F. Stabler Revocable Living Trust ("Trust") to provide for his health, maintenance, comfort and support. The trustees of the Trust are Stabler's children, the Respondents. Stabler married Appellant on July 11, 1998. He and Appellant entered into an ante nuptial agreement before the marriage. Stabler was diagnosed with Alzheimer's disease and the St. Louis County Probate Division adjudged him to be fully incapacitated and disabled. In 2004, the Probate Division established a conservatorship estate ("Conservatorship") for Stabler. The Probate Division appointed Mark Harford to serve as the guardian and conservator of the Conservatorship. Stabler died on July 27, 2008. After his death, Respondents were appointed as co-personal representatives of his estate.

On September 11, 2009, Appellant filed a three-count Petition asserting claims against Respondents in their capacities as trustees of the Trust and as the personal representatives of Stabler's estate. In the Petition, Appellant claims that, during Stabler's life, she was a beneficiary of the Trust and of two life insurance policies, one of which was owned by the Trust, and one of which was owned by Stabler's Estate. In Count I of the Petition, Appellant claims Respondents, as trustees, failed to provide her with a regular accounting of Trust property during Stabler's life. She seeks an accounting of Trust property from the time Respondents became trustees until the date of Stabler's death. Appellant did not attach a copy of the Trust to the Petition. She pled the following facts related to her status as a beneficiary of the Trust:

13. Pursuant to the terms of the Uniform Trust Code, Section 456 RSMo., "[Appellant] was, during the lifetime of [Stabler], a beneficiary and/or permissible distributee and/or qualified beneficiary of the [Trust]."

15. That [Appellant] is a permissible beneficiary pursuant to Section 456 RSMo.

In Count II, Appellant alleges Respondents, as trustees, engaged in self-dealing and mismanagement of Trust assets by conserving the Trust assets instead of using the assets to provide for Stabler's health, maintenance, comfort, and support. Appellant claims that Respondents' failure to administer the Trust effectively caused the Conservatorship to deplete the assets of the Conservatorship in order to provide for Stabler. Appellant contended that the principal asset of the Conservatorship was

a life insurance policy of which Appellant was the beneficiary.

In Count III, Appellant claims Respondents, as personal representatives of Stabler's estate and as trustees, were unjustly enriched because they ultimately benefited from the Trust assets that Appellant contends should have been expended by the Trust to provide for Stabler's health, maintenance, comfort, and support. Appellant claims Respondents "accumulate[d] Trust assets, from which they ultimately benefited, rather than using those Trust assets for the [Trust purpose]."

Respondents did not file an answer to the Petition but instead filed two separate motions to dismiss. One motion to dismiss ("Trustee Motion") was filed on behalf of Respondents as trustees of the Trust. The Trustee Motion claimed the Petition failed to state a claim against the Trustees because "[Appellant] is not a beneficiary, qualified beneficiary or permissible distributee of the Stabler Trust." The Trustee Motion also claimed Appellant lacked standing. The second motion to dismiss ("Personal Representative Motion") was filed on behalf Respondents as the personal representatives of Stabler's estate. The Personal Representative Motion claimed the Petition failed to allege any facts to support a cause of action against Respondents in their capacity as personal representatives of Stabler's estate.

The trial court granted both motions on the grounds that Appellant lacked standing. This appeal follows.

### Standard of Review

We review a trial court's grant of a motion to dismiss *de novo*. *White v. Tariq*, 299 S.W.3d 1, 3 (Mo.App. E.D.2009). "In reviewing the dismissal of a petition, the sole issue to be decided is whether, after allowing the pleading its broadest intendment, treating all facts alleged as true and construing all allegations favorably to the plaintiff, the plaintiff is entitled to relief." *Richardson v. City of St. Louis*, 293 S.W.3d 133, 136 (Mo.App. E.D.2009). "If the petition sets forth any set of facts that, if proven, would entitle the plaintiff to relief, then the petition states a claim." *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. 2008). This court also reviews the issue of standing *de novo*. *Miller v. City of Arnold*, 254 S.W.3d 249, 252 (Mo.App. E.D. 2008).

### Discussion

#### 1. Evidence Outside the Pleadings

In Appellant's first point on appeal, she claims the trial court erred by considering evidence of the terms of the Trust, which was not in the pleadings, in deciding Respondents' motions to dismiss. We disagree.

Evidence outside the pleadings cannot serve as the basis for granting a motion to dismiss, including a motion to dismiss for lack of standing. *Breeden v. Hueser*, 273 S.W.3d 1, 15 (Mo.App. W.D. 2008). After reviewing the record, including the trial court's order, we find nothing that overcomes the presumption that the trial judge knew and properly applied the law. *Evergreen Nat'l Corp. v. Carr*, 129 S.W.3d 492, 497 (Mo.App. S.D.2004). The trial court did not reference the Trust document in its order and did not specify the reasons for its decision that Appellant lacked standing. Therefore, we will presume the trial judge considered only the evidence that a proper application of the law would permit him to consider.[1] Appellant's first point is therefore denied.

1. Respondents argue the trial court properly considered evidence outside the pleadings because the trial court took judicial notice of the external material. However, there is nothing

## 2. Standing

In Appellant's second point on appeal, she claims the trial court erred in dismissing the Petition for lack of standing. We find the trial erred in dismissing the Petition against Respondents in their capacity as trustees. We find no error in the trial court's dismissal of the Petition against Respondents in their capacity as personal representatives of the Stabler estate.

### Dismissal Against Respondents As Trustees

 "This court determines standing as a matter of law on the basis of the petition, along with any other non-contested facts...." *Kinder v. Holden,* 92 S.W.3d 793, 803 (Mo.App. W.D.2002). "To have standing to sue, a plaintiff must have an interest in the subject of the lawsuit which, if valid, gives plaintiff a right to relief." *Switzer v. Hart,* 957 S.W.2d 512, 514 (Mo. App. E.D.1997). Where a plaintiff alleges standing as a beneficiary, the "petition may be dismissed for lack of standing only if it appears [she] is unable to prove any set of facts which would make [her] a beneficiary." *Id.* "To ascertain whether [a plaintiff] may be a beneficiary, we consider the petition, along with any additional non-contested facts which all parties accept as true.... We then engage in a summary judgment mode of analysis to determine whether standing is resolved as a matter of law on the basis of the undisputed facts." *Id.* (internal citations omitted).

In the present case, Appellant specifically pled that she was a beneficiary to the Trust. Appellant did not plead the terms of the Trust or attach the Trust document itself; however, Respondents fail to cite any authority that requires Appellant to do so to establish standing. As noted above, standing is determined solely on the basis of the Petition, *Kinder,* 92 S.W.3d at 803,

and after reviewing the Petition, we cannot say that Appellant would be unable to prove any set of facts that would make her a beneficiary to the Trust.

Respondents argue that the terms of the Trust document prove that Appellant is not a beneficiary of the Trust. Respondents therefore urge this court to consider the terms of the Trust, which are not contained in the Petition. The Western District of this court recently determined that evidence not included within the pleadings could not be considered in determining whether a plaintiff lacked standing. *Breeden,* 273 S.W.3d at 15. In *Breeden,* the defendants argued that one of the plaintiffs lacked standing because that plaintiff had filed a bankruptcy petition and therefore the plaintiff's claim against Defendants could only be properly asserted by the trustee of the bankruptcy estate. *Id.* The court dismissed this argument, stating:

> Defendants' arguments here are not of the type properly considered in granting a motion to dismiss. Since they depend on the existence and timing of a bankruptcy petition and whether or not certain claims were exempt from a bankruptcy proceeding, certain facts would have to be established before the circuit court could make a determination. Evidence outside the pleadings cannot serve as the basis of granting a motion to dismiss.

*Breeden,* 273 S.W.3d at 15. (internal citations omitted). The external evidence of the bankruptcy in *Breeden* was not considered by the court because it was not part of the pleadings. In the present case, Respondents' argument that Appellant lacks standing is based upon language in the Trust document, which is not contained within the only pleading on record, the

before us indicating the trial court took judicial notice of anything outside the pleadings.

Petition. Therefore, we cannot consider the Trust document on this appeal.[2]

Our holding shall not be construed as resolving the issue of whether Appellant is a beneficiary to the Trust. We hold only that the trial court erred in dismissing the Petition for lack of standing because the Petition does not indicate that Appellant would be unable to prove any set of facts that would make her a beneficiary to the Trust. *Switzer*, 957 S.W.2d at 514. Appellant's second point on appeal is therefore granted as to Respondents in their capacity as trustees.

**Dismissal Against Respondents As Personal Representatives**

■ We will affirm a judgment of dismissal if it can be sustained on any ground supported by the motion to dismiss, regardless of whether or not the trial court actually relied on that ground. *Boulds v. Chase Auto Fin. Corp.*, 266 S.W.3d 847, 850 (Mo.App. E.D.2008). Here, the only ground asserted for dismissal in the Personal Representative Motion was that the Petition failed to state a claim against Respondents in their capacity as personal representatives. Specifically, the motion stated, "... [Appellant] makes no factual allegations whatsoever in the [Petition] to support any cause of action against the personal representatives ..." Therefore, we may sustain the trial court's dismissal of the Petition if we find the Petition fails to state a claim against Respondents as personal representatives, regardless of the fact the Petition was dismissed for lack of standing. *Id.*

Accepting all facts in the Petition as true and construing all allegations favorably to the plaintiff, we find that the Petition fails to state a claim against Respondents as personal representatives. The Petition states that Respondents were appointed as copersonal representatives of the Stabler estate in August of 2008, one month after Stabler's death. However, the alleged acts which serve as the basis for Count III occurred before Stabler's death. Therefore, regardless of whether Respondents committed the acts alleged in Count III, they could not have been acting as personal representatives because they had not yet been appointed to that role when the acts were allegedly committed. We therefore find the Petition fails to set forth any set of facts that, if proven, would entitle Appellant to relief from Respondents in their capacity as personal representatives. *Lynch*, 260 S.W.3d at 836.

Because Count III is the only count in which Appellant attempts to assert a claim against Respondents as personal representatives, the Petition was properly dismissed against Respondents as personal representatives. Appellant's second point on appeal is therefore denied as to Respondents in their capacity as personal representatives.

### *Conclusion*

For the above stated reasons, the decision of the trial court is reversed in part and affirmed in part. We remand this cause for further proceedings consistent with this opinion.

KURT S. ODENWALD, P.J., and ROBERT G. DOWD, JR., J., concur.

---

**2.** Respondents were granted leave by this court to file supplemental legal record material under seal. Appellant filed a motion to strike the supplemental material. Appellant's motion to strike is hereby granted; we therefore decline to consider the supplemental material provided by Respondents.