Phyllis DELANEY, Appellant,

v.

SIGNATURE HEALTH CARE
FOUNDATION, Respondent.

No. ED 97419.

Missouri Court of Appeals,
Eastern District,
Division Four.

May 22, 2012.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 3, 2012.

Application for Transfer Denied
Sept. 25, 2012.

Jerome J. Dobson, Jonathan C. Berns, Saint Louis, MO, for Appellant.

Gary Smith, Sarah Mullen–Dominguez, Saint Louis, MO, for Respondent.

## *OPINION*

GLENN A. NORTON, J.

Phyllis Delaney appeals the judgment dismissing her petition asserting a claim

for wrongful discharge in violation of public policy against her former employer, Signature Health Care Foundation ("Employer"). We reverse and remand.

## I.  BACKGROUND

The allegations in Delaney's petition are as follows: Employer is a non-profit corporation that offers physical therapy to its patients. Delaney was employed by Employer as a data entry clerk. Shortly after her employment commenced, Delaney learned that her brother was diagnosed with kidney failure and required a kidney transplant to survive. Delaney underwent testing to determine if she was a viable donor candidate. After being informed that she would be an appropriate donor, Delaney volunteered to donate a kidney to her brother. Delaney informed Employer of her decision and told Employer that she would be required to be out of work for four weeks following the surgery. After initially approving the request, Employer notified Delaney, three days before the scheduled surgery, that it could not hold open her position for four weeks. Employer then discharged Delaney.

Delaney filed a petition against Employer alleging she was wrongfully discharged in violation of public policy.[1] Employer filed a motion to dismiss, which the trial court granted on the grounds that Delaney failed to establish a clear mandate of public policy required for the public policy exception to the at-will-employment doctrine. Delaney appeals.

## II.  DISCUSSION

### A.  Standard of Review

■ A trial court's grant of a motion to dismiss is reviewed de novo. *Stabler v.*

*Stabler*, 326 S.W.3d 561, 564 (Mo.App. E.D.2010). We treat the facts contained in the petition as true and construe them liberally in favor of the plaintiff. *Id.* "If the petition sets forth any set of facts that, if proven, would entitle the plaintiff to relief, then the petition states a claim." *Id.*

### B.  There is a Clear Mandate of Public Policy Encouraging Organ Donation

■ In her sole point on appeal, Delaney claims that the trial court erred in granting Employer's motion to dismiss because her petition sets forth a submissible claim under the public policy exception to the at-will-employment doctrine. We agree.

■ Missouri follows the at-will-employment doctrine and generally allows an employer to discharge an at-will employee with or without cause. *Drury v. Missouri Youth Soccer Ass'n, Inc.*, 259 S.W.3d 558, 565 (Mo.App. E.D.2008). However, Missouri Courts have recognized a public policy exception to the at-will-employment doctrine. *Id.* at 566. That exception establishes a cause of action for at-will employees who have been discharged in violation of a clear mandate of public policy reflected "in the letter and purpose of a constitutional, statutory, or regulatory provision or scheme, in the judicial decisions of state and federal courts, in the constant practice of government officials, and, in certain instances, in professional codes of ethics." *Id.* "To find otherwise would allow employers to discharge employees, without consequence, for doing that which is beneficial to society." *Fleshner v. Pe-*

---

1. We note that Delaney also alleged she was wrongfully discharged in violation of the Missouri Human Rights Act, but that count was dismissed pursuant to a settlement agreement between the parties.

*pose Vision Institute, P.C.*, 304 S.W.3d 81, 92 (Mo. banc 2010).

■ Missouri Courts have recognized four categories of the public policy exception to the at-will-employment doctrine. Specifically, an employee has a cause of action when he or she has been discharged for: (1) refusing to perform an illegal act or an act contrary to a strong mandate of public policy; (2) reporting the employer or fellow employees to superiors or third parties for their violations of law or public policy; (3) acting in a manner public policy would encourage; or (4) filing a claim for worker's compensation. *Hughes v. Bodine Aluminum, Inc.*, 328 S.W.3d 353, 356 (Mo. App. E.D.2010).

At issue in this case is the third category of the public policy exception.[2] Delaney's petition alleges that she was discharged because of her decision to become an organ donor, an act that the public policy of Missouri encourages. Delaney's petition cites section 194.302 RSMo 2000, section 301.020 RSMo Supp.2004, section 301.3125 RSMo Supp.2005, and section 105.266 RSMo Supp.2002 for statutory authority that she claims reflects a public policy encouraging organ donation.

Section 194.302 establishes an advisory committee to assist in the "development of organ donor awareness programs to *educate the general public on the importance of organ donations.*" (emphasis added). Section 301.020.8 requires the director of revenue to inquire whether applicants for registration of motor vehicles are interested in making a donation to promote an organ donor program. Section 301.3125 establishes a "Be an Organ Donor" license plate for vehicle owners "to educate the public about the *urgent need for organ donation.*" (emphasis added). Lastly, section 105.266.1(2) states that any employee of the State of Missouri shall be granted a paid leave of "[t]hirty workdays to serve as a human organ donor."[3] Collectively, we find that these statutes reflect a clear mandate of public policy in Missouri encouraging organ donation.[4]

2. The Missouri Supreme Court only recently explicitly recognized the public policy exception to the at-will-employment doctrine. *Fleshner*, 304 S.W.3d at 92. We recognize that the Fleshner Court only expressly adopted the first two categories of the public policy exception, with no mention of the third category that is at issue in this case. *Id.* However, the Supreme Court never overruled case law finding that the public policy exception applies to employees who have been discharged for acting in a manner public policy would encourage (the third category). *Id.* Furthermore, cases from our Court, issued after the decision in *Fleshner*, have recognized that the third category of the public policy exception exists. *See Farrow v. St. Francis Medical Center*, 2012 WL 451882 at *7 (Mo.App. E.D.) (post-*Fleshner* case finding that the third category of the public policy exception exists for employees who were discharged for "participat[ing] in acts that public policy would encourage, such as jury duty, seeking public office, asserting a right to collective bargaining, or joining a union");

*Hughes*, 328 S.W.3d at 356 (post-*Fleshner* case finding that the third category of the public policy exception exists for employees who were discharged for "acting in a manner public policy would encourage"). For these reasons, we find that the public policy exception continues to apply to employees who were discharged for acting in a manner public policy would encourage.

3. We acknowledge that section 105.266.1(2) is limited to public employees. However, it evidences a broader public policy encouraging organ donation. *See Fleshner*, 304 S.W.3d at 96–97 (finding that a law prohibiting retaliation against employees who speak to *state* labor investigators regarding an employer's payment of overtime compensation reflected a broader public policy encouraging communication with any government labor investigator, including *federal* investigators).

4. Although not cited in Delaney's petition, other statutory provisions reflect a clear mandate of public policy encouraging organ dona-

Because the public policy of Missouri encourages organ donation, Delaney's petition alleging that she was discharged as a result of her decision to become an organ donor sets forth a submissible wrongful discharge claim under the third category of the public policy exception to the at-will-employment doctrine. Accordingly, the trial court erred in granting Employer's motion to dismiss. Point granted.

## III. CONCLUSION

We reverse the trial court's judgment dismissing Delaney's petition and the cause is remanded for further proceedings in accordance with this opinion.

PATRICIA L. COHEN, P.J., and ROBERT M. CLAYTON III, J., concur.

tion. Section 302.171.2 RSMo Supp.2009 requires the director of revenue to inquire whether applicants for a driver's license are interested in either making a donation to promote an organ donor program or in becoming listed in the organ donor registry. Section 302.171.2 also states that "[t]he director shall make available an informational booklet or other informational sources on *the importance of organ and tissue donations*." (emphasis added). Furthermore, section 143.1016.1 RSMo Supp.2012 provides that state tax forms shall clearly and unambiguously include a "contribution designation" to allow taxpayers to contribute a portion of their tax refund to an organ donor program.