In the ESTATE OF James T. SPENCER, Incapacitated/Disabled Person.

No. ED 99805.

Missouri Court of Appeals, Eastern District, Division Two.

Dec. 24, 2013.

Mark S. Packer, St. Louis, MO, for Appellant.

Bert L. Gates, St. Louis, MO, for Respondent.

Guy N. Brandt, Clayton, MO, for Intervenor.

John C. Grellner, St. Louis, MO, Co–Counsel for Intervenor.

Audrey M. Riddle, Chesterfield, MO, for Plaintiff.

Kathleen Duffy, Ballwin, MO, Respondent Acting Pro Se.

Joan Spencer, St. Louis, MO, Respondent Acting Pro Se.

Robert J. Selsor, St. Louis, MO, for Trustee.

*Introduction*

SHERRI B. SULLIVAN, J.

John T. Spencer (Appellant) appeals from the judgment of the Probate Division of the Circuit Court dismissing with prejudice Appellant's motion to declare invalid an amendment to a trust and a settlement agreement between certain beneficiaries and a trustee under multiple trust documents for lack of standing. We reverse and remand.

*Factual and Procedural Background*

This dispute originates from proceedings related to a March 18, 2011 petition for appointment of guardian and conservator for James T. Spencer (James). On December 7, 2011, the probate court entered a judgment appointing a guardian and conservator for James.

Of interest in the incapacity proceeding are two trusts and its related documents: the James T. Spencer Revocable Living Trust (the James Trust) and the Mary J. Spencer Revocable Living Trust (the Mary Trust). James and Mary J. Spencer (Mary) (collectively the Spencers) were married. Mary was the lifetime beneficiary of the Mary Trust, created on June 8, 1993, and amended in 1998 and 2003. Mary died on August 2, 2005. Following her death, the Mary Trust provided for the creation of a Marital Trust (Item Five), an Additional Marital Trust (Item Five) (collectively the Marital Trusts) and a Residuary Trust (Item Six). The Mary Trust sets forth different provisions and guidelines relating to the administration and distribution of the assets of the Marital Trusts and the Residuary Trust. James is the sole beneficiary of the Marital Trusts; entitled to all income, encroachment upon the principal, and the power of appointment of all undistributed principal.[1]

---

1. All undistributed income is to be distributed to James's estate and any remaining principal not appointed by James's will is added to the Residuary Trust of the Mary Trust.

James is also the lifetime beneficiary of the income of the Residuary Trust and may encroach on the principal of the Residuary Trust in certain circumstances.[2] Upon James's death, the beneficiaries of the remaining principal in the Residuary Trust are the Spencers' five children: Appellant, Betty Ronzio (Betty), Patricia Spencer (Patricia), Kathleen Duffy (Kathleen) and Joan Spencer (Joan). The Mary Trust provides that Betty should receive all stock in The Spencer Auto Glass Company and any membership interest in J and M Spencer LLC while the other children equally divide the remaining trust property.[3]

James is the lifetime beneficiary of the James Trust, created on June 8, 1993, and amended in 1998, 2003, 2005 and 2011. The 2011 amendment, the Third Amendment to Second Amended and Restated Trust Agreement of the James T. Spencer Revocable Trust (Third Amendment), is at the center of the current litigation. During his life, James is entitled to the income and principal from the James Trust. Prior to the Third Amendment, the James Trust provided that upon James's death, Betty was to receive all stock in The Spencer Auto Glass Company, all membership interest in J and M Spencer, LLC and a specified Commerce Bank account. The balance of the trust estate was placed in a Residuary Trust to be divided equally among the Spencers' other four children.

On March 14, 2011, four days before the petition for appointment of a guardian for James was filed, the Third Amendment to the James Trust was executed. The amendment was signed by James as Grantor and Betty as Trustee. The Third Amendment states it was executed contemporaneously with a Settlement Agreement and Release (Settlement Agreement) between James, Betty, and "certain other beneficiaries under the Trust Agreement" which calls for the amendment "to resolve certain matters with respect to the distribution of [James's] assets and as to the current Trustee and successor trustee of the Trust Agreement[.]" The Third Amendment provides that to the extent James's financial needs are not met by separate, non-trust related income, the additional funds needed for James's support shall be borne as follows: 20 percent from the principal and/or income of the James Trust and 80 percent from the principal and/or income from the Mary Trust. The Third Amendment provides the trustee of the Mary Trust shall have the sole discretion to determine if and when any such additional funds are required. The Third Amendment also requires the establishment of a $20,000 "Funding Account" by the James Trust Trustee to cover the James Trust's portion of the additional funds. The amendment also alters the payment of certain debts and expenses following James's death, providing that those expenses that were once paid solely out the principal of the James Trust would now be subject to the 20/80 split. The Third Amendment also changes the bequest to Betty after James's death, by subtracting the Commerce Bank account but adding an annuity, a promissory note from J and M Spencer, LLC payable to the Trustee, and the "Funding Account." Finally, the Third Amendment makes the previously revocable James Trust irrevocable.

**2.** James also possesses a power of appointment of the remaining principal and undistributed income.

**3.** Both the James and Mary Trusts have additional provisions identifying subsequent beneficiaries and for the distribution of property in the event the Spencers' children predecease them. These provisions are not relevant to this appeal.

On November 21, 2012, Appellant filed his Motion to Declare Invalid the Third Amendment to Second Amended and Restated Trust Agreement of James T. Spencer Revocable Trust and The Settlement Agreement and Release (Motion to Declare), seeking an order from the court declaring the Third Amendment and the Settlement Agreement invalid due to James's alleged incapacity at the time of their execution. In his motion, Appellant alleged the James and Mary Trusts were executed as part of a coordinated estate plan with certain assets allocated to each trust. Appellant alleged he was an interested person under the James and Mary Trusts; that Betty was the primary beneficiary under the James Trust; and that Appellant, Patricia, Kathleen and Joan were the primary beneficiaries under the Mary Trust. Appellant alleged the Third Amendment fundamentally changed the intended structure of the Spencers' estate plan and "works to the favor of Betty (as beneficiary of the James Trust) and to the detriment of [Appellant] as well as the other beneficiaries of the Mary Trust." In the motion, Appellant challenged James's capacity to execute the Third Amendment and Settlement Agreement; Betty's ability to validate the Third Amendment due to self-dealing; Joan's and Kathy's capacity to act as James's attorneys-in-fact; and the validity and enforceability of the Settlement Agreement in the absence of Appellant's agreement because he was a essential party.

On February 15, 2013, Betty filed a Motion to Dismiss requesting the court to dismiss Appellant's Motion to Declare asserting Appellant lacked standing to seek a judicial declaration of the invalidity of either the Third Amendment or the Settlement Agreement, in that he failed to plead a factual basis showing an adversarial interest in or harm from the Third Amendment or the Settlement Agreement, specif-ically arguing Appellant alleged only "some vague harm" from the amendment and that Appellant was not a party to the Settlement Agreement. Betty's motion acknowledges Appellant is "technically a beneficiary of the subject Trust" but asserts that Appellant cannot demonstrate a legal harm from and is not materially affected by the Third Amendment because the only assets in the James Trust are company assets to be distributed to Betty upon James's death.

On March 8, 2013, the probate court entered an order granting Betty's Motion to Dismiss, indicating that upon due consideration of all testimony, exhibits, and other relevant documents presented by the parties, it found Appellant lacked legal standing to file the motion. The court dismissed Appellant's Motion to Declare with prejudice. This appeal follows.

### Discussion

In his first point on appeal, Appellant argues the probate court erred in dismissing his Motion to Declare for lack of standing. In his second point, Appellant contends, in the alternative, the court erred in dismissing his Motion to Declare with prejudice, rather than according him the opportunity to file an amended petition.

■■■■ This court reviews a trial court's grant of a motion to dismiss *de novo*. *Lynch v. Lynch*, 260 S.W.3d 834, 836 (Mo. banc 2008). On appeal, all facts contained in the petition are treated as true and all reasonable inferences drawn from those averments are construed liberally in favor of the plaintiff. *Siefert v. Leonhardt*, 975 S.W.2d 489, 492 (Mo.App.E.D.1998). This court also reviews the issue of standing *de novo*. *Stabler v. Stabler*, 326 S.W.3d 561, 564 (Mo.App.E.D.2010).

Appellant's Motion to Declare was, in effect, a petition for declaratory judgment.

"Any person interested in the administration of a trust may file a petition for declaratory judgment seeking a declaration of rights or legal relations to determine any questions arising in the administration of the trust." *Schumacher v. Schumacher,* 303 S.W.3d 170, 174 (Mo. App.W.D.2010), citing Section 527.040(3),[4] and *Betty G. Weldon Revocable Trust ex rel. Vivion v. Weldon ex rel. Weldon,* 231 S.W.3d 158, 169 (Mo.App.W.D.2007). *See also* Rule 87.02(b)[5] (Missouri rule of civil procedure on declaratory judgments mirroring the language of Section 527.040(3) and providing, "Any person interested ... in the administration of a trust ... may have a declaration of rights or legal relations in respect thereto ... (3)[t]o determine any question arising in the administration of the estate or trust....").."

■ "'To have standing to sue, a plaintiff must have an interest in the subject of the lawsuit which, if valid, gives plaintiff a right to relief'" *Stabler,* 326 S.W.3d 561, 565, quoting *Switzer v. Hart,* 957 S.W.2d 512, 514 (Mo.App. E.D.1997). "To warrant standing as a party, the prospective plaintiff must have some actual and justiciable interest susceptible of protection through litigation." *Switzer v. Mercantile Bank of St. Louis, N.A.,* 932 S.W.2d 893, 896 (Mo.App.E.D.1996) (internal citations omitted).

■ To have standing to contest the Third Amendment and the Settlement Agreement, Appellant must have an interest in the trusts those documents purport to alter, *i.e.,* the James and Mary Trusts. Appellant alleged in his petition that he was an interested person under the James and Mary Trusts, that Betty was the "primary" beneficiary of the James Trust, and that he, Patricia, Kathleen, and Joan were the "primary" beneficiaries of the Mary Trust.

■ Where a plaintiff alleges standing as a beneficiary, the "petition may be dismissed for lack of standing only if it appears he is unable to prove any set of facts which would make him a beneficiary[.]" *Hart,* 957 S.W.2d at 514. In determining whether Appellant could be a beneficiary, this Court considers "not only plaintiff's petition, but also the additional non-contested facts which all parties accepted as true at the time of argument on the motion to dismiss." *Mercantile Bank of St. Louis, N.A.,* 932 S.W.2d at 896.

The documents to the James and Mary Trusts are in the record.[6] A review of those documents indicates that James is the lifetime beneficiary of the income and principal of the James Trust; the lifetime beneficiary of the income and principal of the Marital Trusts established by the Mary Trust; the lifetime beneficiary of the income of the Residuary Trust established by the Mary Trust; and the lifetime beneficiary, with limitations, of the principal of the Residuary Trust established by the Mary Trust.

The Mary Trust provides, following James's death, the assets in the Residuary Trust should be divided as follows: (1) Betty is to receive all company stock and any membership interest in the limited liability company, and (2) all remaining

---

4. All statutory references are to RSMo.2006.

5. All rule references are to Mo. R. Civ. P. 2012.

6. The documents in the record and the arguments of the parties indicate that the parties are, at times, relying on information not be-fore this Court; specifically, information about the assets currently being held by the trusts. To the extent both parties rely upon such information, this Court rejects those assumptions and relies only upon the record before us.

assets are to be divided equally between Appellant, Patricia, Kathleen, and Joan. Prior to the Third Amendment, the James Trust provided that, following James's death, the remaining assets should be divided as follows: (1) Betty is to receive all company stock, all membership interest in the limited liability company and a specified Commerce Bank account; and (2) all remaining assets are to be placed in a Residuary Trust to be divided equally between Appellant, Patricia, Kathleen, and Joan. Thus, the Spencers' children, including Appellant, have future contingent interests in the corpus of the James Trust and the Mary Trust.

In *Engelsmann v. Holekamp*, 402 S.W.2d 382, 388 (Mo.1966), the Missouri Supreme Court declared that future beneficiaries of a trust, whether vested or contingent, have standing to bring an accounting action against a trustee. See also *Siefert v. Leonhardt*, 975 S.W.2d 489, 492 (Mo.App.E.D.1998) (applying *Engelsmann* and holding that a trust beneficiary with a future contingent interest has standing to bring an accounting action). This rule " 'is premised on the strong policy consideration of ensuring that someone has the power to enforce the trustee's fiduciary duties.' " *Siefert*, 975 S.W.2d at 492, quoting Scott on Trusts Sec. 173; Restatement (Second) of Trusts Sec. 172, *cmt. C*; Bogert on Trusts & Trustee Sec. 961. *See also* Restatement (Second) of Trusts Sec. 197–98.

Furthermore, the Missouri Uniform Trust Code (MUTC) supports a finding that a residuary beneficiary has standing in a trust action. The MUTC provides "the court may intervene in the administration of a trust to the extent its jurisdiction is invoked by an interested person or as provided by law." Section 456.2–201.1. "A judicial proceeding involving a trust may relate to any matter involving the trust's administration, including a request for instructions and an action to declare rights." Section 456.2–201.3. The MUTC defines "interested persons" as:

> Includ[ing] beneficiaries and any others having a property right in or claim against a trust estate which may be affected by a judicial proceeding. It also includes fiduciaries and other persons representing interested persons. The meaning as it relates to particular persons may vary from time to time and must be determined according to the particular purposes of, and matter involved in, any proceeding[.]

Section 456.1–103(10). A "beneficiary" is a person that "has a present or future beneficial interest in a trust, vested or contingent[.]" Section 456.1–103(3)(a).

Under both trusts, James is the lifetime beneficiary and the Spencers' children are future beneficiaries. As a beneficiary under the James and Mary Trusts, Appellant has an interest in the subject of the lawsuit. Construing all facts and reasonable inferences in favor of Appellant, we find Appellant has standing to file his Motion to Declare challenging the validity of the Third Amendment and the Settlement Agreement.

Appellant's Point I is granted. Based on our finding as to Appellant's first point, Appellant's Point II is denied as moot.

### Conclusion

The judgment of the circuit court is reversed and remanded.

LAWRENCE E. MOONEY, P.J., and ROBERT G. DOWD, JR., J., concur.